STRATTON-WHITE CO. v. R. L. CASTLEBERRY ET AL.

Delivered January 2, 1897.

**Charge of Court—Estoppel—Goods in Hands of Agent.**
In an action to recover the value of certain wagons seized and sold under execution as the property of the agent in whose hands they were found, where the evidence shows that the agent treated them as his own and led others to believe that they were his, but does not show any act or representation by the owner inducing the belief that the wagons belonged to the agent, nor any acquiescence by the owner in the agent's manner of dealing with them, a charge upon the issue of estoppel as against the owner is not warranted.

APPEAL from the County Court of Wilbarger. Tried below before R. T. SITTERLY, ESQ., Special Judge.

*Cook & Cook*, for appellant.

*M. E. Smith* and *Basham & Hall*, for appellees.

HUNTER, ASSOCIATE JUSTICE.—The court below, in the third paragraph of its charge, instructed the jury as follows: "If you believe from the evidence that, at the time of the levy of the writ of attachment by said Castleberry upon said wagons, J. B. Ralston was the owner of said wagons, then you are instructed to find for defendants. You are further instructed that if you believe from the evidence that

the said J. B. Ralston claimed said wagons as his property or publicly held himself out as the owner of said wagons, and this fact was known to plaintiff or those under whom plaintiff claims, or the agents of any of said parties, and they acquiesced therein, and defendants Bradburn, Smith & Basham, having no notice, either actual or constructive, of plaintiff's title, or the title of those under whom plaintiff claims, if you should find that said Bradburn, Smith & Basham had no such notice, and was thus in good faith induced to deal with J. B. Ralston and extend to him credit, and said levy was made without such notice, then you are instructed that plaintiff is estopped thereby; and should you so find the facts, you will find for defendants. The burden of proof to establish an estoppel is on defendants Bradburn, Smith & Basham."

The evidence shows that the wagons had been consigned to Ralston under a written contract whereby he was to hold and sell them on commission, make monthly reports of sales, take notes in case of sales on credit in the name of the owner of the wagons, and remit cash and notes monthly. Ralston violated this contract, in that he dealt with the wagons as his own, took notes in his own name, and the cash and notes were used as his own, and were not remitted to the owner of the wagons, as stipulated in the contract. An agent of the owner was at Vernon, and learned how Ralston was using and dealing with the property, and made no objection. What the authority or powers and duties of this agent were does not appear, nor does it appear that the owner of the wagons was ever informed of the manner in which Ralston was dealing with the wagons, though he must have known that Ralston was not complying with his contract.

Ralston's manner of dealing with the wagons led appellees Bradburn, Smith & Basham to believe that the wagons belonged to Ralston, and they extended him credit to the amount of $100, and attached the wagons as the property of Ralston. Ralston was doing a general hardware business at Vernon at the time credit was extended him, in his own name, and was apparently doing well. He afterwards made an assignment of all his goods to Swartwood, one of his clerks, for the benefit of his creditors, and about the same time delivered the wagons levied on to him also, but only for the purpose of holding them and delivering same to the owner. It does not appear that the owner of the wagons did any act or made any false representation to appellees or any of them, which in any manner caused or induced them to believe that the wagons belonged to Ralston; nor does it appear that, knowing the manner in which Ralston was dealing with them, it acquiesced in the false impressions which Ralston's course of dealing with the wagons produced on the minds of appellees.

We are therefore of opinion that the giving of this charge was error, because the evidence did not warrant any charge on the defense of estoppel.

Chief Justice Willie, in the case of Blum v. Merchant, 58 Texas, 403, in discussing a charge very similar to the one under consideration,

and which was asked and refused in a case very much like this one, says: "The elements of an estoppel are: A false representation, or concealment of material facts, made with a knowlege of the facts; ignorance on the part of the person to whom the representations are made, or from whom the facts are concealed; intention that such person should act upon it, and action on his part induced thereby."

This court, in the case of Land Co. v. Howeth, 1 Texas Civ. App., 279, quotes approvingly from Mr. Pomeroy (2 Pom. Eq., sec. 805) as follows: "Among other requisites of an estoppel are the following: (1) There must be conduct—acts, language, or silence—amounting to a representation or a concealment of material facts. (2) These must be known to the party estopped at the time of his said conduct, or at least the circumstances must be such that knowledge of them is necessarily imputed to him. * * * (4) The conduct must be done with the intention, or at least with the expectation, that it will be acted upon by the other party, or under such circumstances that it is both natural and probable that it will be so acted upon."

There is another issue presented by the evidence, involving the actual ownership of the wagons, upon which the evidence is quite conflicting; but, in view of the error in giving this charge on estoppel, we are constrained to reverse the judgment herein, as we are unable to say that the jury did not base their verdict for appellees on this erroneous charge.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*