Texas & Pacific Railway Company v. M. Z. Smissen et al.

Decided March 7, 1903.

**1.—Carriers of Freight—Cattle Shipment—Delay—Charge.**

In an action for damages to cattle for delay, etc., in transportation, it was not error to refuse a charge instructing that, in determining the question of reasonableness of time, the jury should consider all the incidents of the service, probable breaking of machinery, etc., where the court had already charged that what would be an unreasonable delay in forwarding and transporting the cattle was a question for the jury's determination from all the facts and circumstances in evidence, and that the railway company was not obligated to transport the cattle in any specific time.

**2.—Same—Loading and Reloading.**

It was not error for the court to refuse a charge instructing the jury to disregard any evidence of damages in loading and reloading cattle where plaintiff alleged and the testimony showed that the work of loading and reloading was undertaken and performed by the railway company, but the main charge had nevertheless restricted plaintiff's recovery to damages resulting from delays in transportation and from a collision.

**3.—Same—Act of God—Snowstorm.**

A snowstorm in Missouri in the winter season is not an "act of God" within the legal meaning of that term, and will not exempt a carrier from liability for injury to cattle through unnecessary exposure to such weather because of negligent delay.

**4.—Same—Partnership—Interest in Lieu of Wages.**

An agreement between an owner of cattle and another who assists in shipping them that such other shall have, in lieu of wages, one-half of the profits on a certain number of the cattle, does not constitute a partnership.

**5.—Same—Interest.**

Interest is recoverable in an action for damages resulting from negligent delay, etc., in the transportation of cattle.

Appeal from the District Court of Mitchell. Tried below before Hon. W. R. Smith.

*B. G. Bidwell* and *H. C. Shropshire,* for appellant.

*Cowan & Burney,* for appellees.

SPEER, Associate Justice.—Appellee M. Z. Smissen sued the Texas & Pacific Railway Company and the St. Louis & San Francisco Railway Company to recover damages in the sum of $3560 for injuries to 328 head of cattle shipped by him under a contract with said railway companies, from Big Springs, Texas, to National Stock Yards, Illinois. The negligence alleged consisted of delays, rough handling, collision, etc., and the injuries resulting, of shrinkage and loss of weight, depreciation in condition and value, and decline in market value, of said cattle. There was judgment for $2000, two-thirds of which by the verdict of the jury was apportioned against the appellant, and the remainder against the St. Louis & San Francisco Railway Company. The Texas & Pacific Company alone appeals.

The first ground for a reversal urged before us is that the verdict

against appellant is excessive. The evidence shows that appellee Smissen was damaged in an amount in excess of the verdict of the jury, and that the negligence of appellant occasioned the greater part of these damages. We can not say the apportionment was wrong; we think it warranted by the evidence.

It was unnecessary, if it would not have been error, for the court to instruct the jury that, "In determining the question of the reasonableness of the time, under the foregoing instructions, you will take into consideration all the incidents of the service, such as the probable breaking of machinery, the place and the character of the shipment, etc.," because the court in the main charge had already sufficiently covered this question by telling the jury that, "What would be an unreasonable delay in forwarding and transporting said cattle, or what would be a reasonable time within which said cattle should have been transported, are purely questions of fact for your exclusive determination from all the facts and circumstances in evidence before you." The jury were further instructed at the instance of the appellant that the contracts provided that said cattle were not to be transported within any specific time, nor delivered at any particular hour, nor in season for any particular market, but that the railway companies were obliged to transport said cattle within a reasonable time. There was no error in refusing the special charge.

Nor was it error for the court to refuse to instruct the jury to disregard and not consider any evidence, whatever, with regard to any delay or damages occasioned by any delay in loading and reloading the cattle. The plaintiff alleged, and the testimony showed, that the work of loading and reloading was undertaken and performed by the railway companies. Mexican N. Railway Co. v. Savage, 41 S. W. Rep., 663. But aside from this, the charge of the court did not authorize the jury to consider this matter at all. The plaintiff was restricted in his recovery to the damages resulting from delays in transportation and the collision which occurred at Baird, Texas, on the line of appellant.

The evidence shows that the cattle were exposed en route to a very severe spell of cold weather, in consequence of which they were more or less injured, and appellant complains that it should not be held liable for this injury, inasmuch as the cold weather was the act of God. It is probably sufficient answer to say that no such exemption from liability was pleaded, but however that may be, we can not hold that a snowstorm in Missouri in the winter season is an "act of God" in the sense in which that term is used. Pruitt v. Hannibal & St. J. Railway Co., 62 Mo., 527. It ought to have been reasonably foreseen that a shipment of cattle in the month of December, if unnecessarily delayed en route to Illinois, would probably be injured by reason of exposure to severe or cold weather. If the appellant's negligence resulted in exposing the cattle to the cold, or in exposing them for an unnecessary length of time, it would be liable. The principles announced in the Bergman case (64 S. W. Rep., 999), and the Darby case (28 Texas Civ. App.,

413, 67 S. W. Rep., 129), have no application here. The case of Gillett v. Railway Co., 68 S. W. Rep., 61, is also easily distinguishable. In the case last mentioned the shippers of a car of cabbages directed the company to keep the vent in the end of the car open to the point of destination. It was in the month of February and some of the vegetables froze. The company was held not liable because there was no negligence upon its part. It was not the duty of the carrier to disregard the consignor's instructions, and close the vent which they directed to be left open. In this case Smissen is presumed to have known his cattle would probably be exposed to cold weather en route to Illinois at the season of the year his shipment was made, and to have assumed the risk of all necessary exposure, but the company was chargeable with a like knowledge of the probable condition of the weather, and is liable for all unnecessary exposure occasioned by its negligent delays.

The fact that A. C. Pearson bought sixty-one head of this shipment under an agreement with Smissen that he should receive one-half of the profits as his compensation for services connected with the shipment does not constitute him a partner to the extent of that number of cattle. He bought them for Smissen, with Smissen's money, and at no time owned any interest whatever in them. He was to share the profits in lieu of wages. This does not constitute a partnership between them. Buzard v. Bank, 67 Texas, 83; Goode v. McCartney, 10 Texas, 193; Cothran v. Marmaduke, 60 Texas, 370; Stevens v. Bank, 62 Texas, 499; Brown v. Watson, 72 Texas, 216.

It is too well settled to require citation of authorities that interest, so called, may be recovered in a case like this as a part of the damages. It was specially asked for in the petition, and the court correctly instructed the jury to allow it.

All assignments are overruled, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.