### R. S. ROGERS v. TEXAS & PACIFIC RAILWAY COMPANY ET AL.

Application No. 5095. Decided May 30, 1906.

### ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY v. ANSON RAINEY, ET AL.

Motion No. 1533. Decided May 30, 1906.

**1.—Cases Distinguished.**

The present case distinguished from and held not to overrule Galveston, H. & S. A. Ry. Co. v. Warnken, 35 S. W. Rep., 72, as being each reversals because of a preponderance of evidence against the verdict on the question of fact whether delay in the transportation of cattle was shown to be excusable, and the facts in the two cases being distinguishable. (Pp. 49, 50.)

**2.—Jurisdiction of Supreme Court—Overruling Cases.**

The ruling in a former case can not be considered overruled by a later one merely because the latter, in its decision as to whether a given charge was misleading, is inconsistent with some general statement of a proposition of law laid down in the former with reference to the special and distinguishable facts before it. (P. 50.)

**3.—Cases Harmonized.**

The ruling of the Appellate Court in the present case on the question of reasonableness of delay in a shipment of cattle held to be in harmony with the principles announced in Texas & P. Ry. Co. v. Smissen, 73 S. W. Rep., 42. (P. 50.)

**4.—Jurisdiction of Supreme Court—Mandamus.**

Though the testimony and the circumstances under which delay in the transportation of cattle occurred were undisputed, the question whether such delay was justified, where reasonable minds might differ as to the inference, was one of fact, and the Appellate Court could not be required by mandamus to certify it to the Supreme Court as one on which their ruling was in conflict with previous decisions. (Pp. 50, 51.)

Rogers sued the Texas & Pacific and the St. Louis I. M. & S. Railways for damages to cattle by delay in transportation. Defendants had judgment, and on plaintiff's appeal it was reversed and the case remanded. (94 S. W. Rep., 158, 15 Texas Ct, Rep., 884.) The companies then applied for a writ of error on the ground of conflict with previous decisions, and also for leave to file a motion for writ of mandamus requiring the Appellate Court, on the same ground, to certify the question to the Supreme Court.

*Leake & Henry,* for applicants.

GAINES, CHIEF JUSTICE.—Both of these are proceedings in the same case. The first is an application for a writ of error, and the second is a motion for leave to file a petition for a writ of mandamus against the justices of the Court of Civil Appeals for the Fifth Supreme Judicial District to compel them to certify to this court, for its decision, certain questions determined by that court in its decision of the case. The judgment of the Court of Civil Appeals reversed the judgment of the lower court and remanded the cause.

We are of the opinion that the application for the writ of error should be dismissed for want of jurisdiction, and that the motion to file the petition for the writ of mandamus should be overruled.

The cases relied upon as showing that the Court of Civil Appeals had overruled a decision of another court, and that therefore we have jurisdiction of the cause, although it was remanded for a new trial, are the Galveston, Harrisburg & San Antonio Railway Company against Warnken (35 S. W. Rep., 72), and the Texas & Pacific Railway Company against Smissen (73 S. W. Rep., 42).

As to one question there is a great similarity between the present case and the case first cited, but in our opinion the cases are clearly distinguishable. In the Warnken case, in which damages were sought to be recovered for delay in the transportation of cattle from Weimar, Texas, to New Orleans, Louisiana, it was held that a delay at Beaumont for the purpose of resting and feeding the cattle, as is required by the statute of the United States, was not unreasonable; and, that there being but a single carload, it was not unreasonable to await the next regular freight train. Therefore, the judgment in favor of plaintiff was reversed and the cause remanded. In the present case there was a similar delay at Texarkana, but for the reason that there was a trainload of cattle, which might have been forwarded by a special train, the Court of Civil Appeals held that as a matter of fact, the delay was unreasonable.

So in this case there was a long delay at De Soto, Missouri. The excuses shown for that delay were that the pipes of the water tank from which the water necessary to propel the company's engines was procured at that place had become frozen and that a wreck had occurred on the line a few miles distant from De Soto, which had temporarily blocked the road. But how that wreck came about was not attempted to be shown. The court also held as a matter of fact, that this delay

was unreasonable. In other words, as we understand, as to both delays in this case, the Court of Civil Appeals held that the verdict of the jury as to both was against such a preponderance of the evidence as to require a reversal of the judgment and a remand for a new trial. We think this is apparent from their opinion on the motion for a rehearing.

It is apparent from the statement that the Warnken case and this case are clearly distinguishable in reference to the question of delay.

But it is further claimed, that the Court of Civil Appeals erred in holding that the trial court erroneously charged the jury, in effect, that before they could find for the plaintiff, they should find that the delays complained of were both unreasonable and unnecessary. The court seemed inclined to the opinion that this was error, for the reason, that the delay at De Soto might have become necessary though the necessity was brought about by a lack of due care and a want of foresight on part of the railroad company, and that therefore, under the peculiar facts of the case, the charge was calculated to mislead the jury. It is claimed that this also conflicts with and overrules the decision in the Warnken case. This claim of conflict is based upon the following expression in that case: "Its contract was not to deliver within a specified time, and the law implied a contract to deliver within a reasonable time, and no necessary or reasonable delay would constitute a breach of its duty." This involved no question whether the charge of the court was misleading or not, but is a mere statement of a principle as applicable to the special facts of that case. Besides, there was no evidence in the record tending to show that a necessity for the delay may have been brought about by the previous negligence of the defendant company.

We do not see that the opinion in this case overrules the decision of the Court of Civil Appeals for the Second District in the Smissen case (73 S. W. Rep., 42). That court held a charge proper which instructed the jury that the question of the reasonableness of a delay in a shipment of cattle was a question of fact. The court in the present case acts upon the same principle, and, as it had the power to do, reverses the case upon the facts.

An Act of the Twenty-sixth Legislature, approved May 9, 1899, provides: "That in any cause that is now pending or may hereafter be pending in any of the Courts of Civil Appeals of the several supreme judicial districts of the State of Texas, any one of said courts may arrive at an opinion in the decision of any of said causes that may be in conflict with the opinion heretofore rendered, or hereafter rendered, by some other Court of Civil Appeals in this state on any question of law, and said Court of Civil Appeals refuses to concur with the opinion so rendered by the said other Court of Civil Appeals, it shall be the duty of said court failing to concur with the opinion in conflict with the opinion so arrived at by said court, through its clerk, to transmit the question of law, duly certified to, involved in the cause wherein said conflict of opinion has arisen, together with the record or transcript in said cause to the Supreme Court of the State of Texas for adjudication by said Supreme Court," etc. (Laws 1899, p. 170.) We fail to find that there is any conflict upon "any question of law" between the opinion in the present case and the opinions in either of the cases cited

and relied upon. In their opinion on the motion for a rehearing in this case the Court of Civil Appeals say: "It was not the intention, nor does this court hold that the question of negligence vel non is a question of law to be determined by the court. It is a question, ordinarily, of fact for the jury, but as the evidence now stands in this case we are not willing to sanction the verdict of the jury, finding that the delay at Texarkana was reasonable." But it is urged by counsel for the plaintiff in error that since the testimony offered to account for the delays, was undisputed, therefore, there was no fact to be determined. But we can not agree to the proposition. The circumstances of the delay were undisputed; but the question whether these circumstances were such as to justify the delay is one upon which reasonable minds might differ.

Therefore the application for the writ of error is dismissed for want of jurisdiction; and the motion to file the petition for the writ of mandamus is overruled.

*Application for writ of error dismissed for want of jurisdiction.*

*Leave to file petition for writ of mandamus refused.*