FT. WORTH & R. G. RY. CO v. ALBIN. (No. 558.)

(Court of Civil Appeals of Texas. El Paso. April 20, 1916.)

1. CARRIERS ⬤⇒229(2) — CARRIAGE OF LIVE STOCK—TRIAL—DAMAGES.

In an action against a carrier for injury to a mule in transportation, caused by the defendant's negligence, plaintiff is entitled to recover the difference between the market value of the animal at the time and place of delivery in the condition it was delivered and its market value at such time and place in the condition that with ordinary care it should have been delivered, with legal interest, which interest is recoverable as a part of the damage.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 964; Dec. Dig. ⬤⇒229(2).]

2. APPEAL AND ERROR ⬤⇒53—APPELLATE JURISDICTION—AMOUNT IN CONTROVERSY.

In an action against a carrier for injury to a mule in transportation, plaintiff's petition, averring that the animal was damaged $99.50 by the defendant's negligence, plaintiff being as a matter of law entitled to recover, if anything, the sum of $99.50 plus 6 per cent. interest thereon, although there was no pleading specifically asking for interest, made the amount in controversy over $100, so that the Court of Civil Appeals had jurisdiction on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 254–260; Dec. Dig. ⬤⇒53.]

3. CARRIERS ⬤⇒228(5) — CARRIAGE OF LIVE STOCK—SUFFICIENCY OF EVIDENCE.

In an action against a carrier for injury to a mule in transportation, where the animal caught its foot in a crack four or five feet above the floor of the car, evidence held sufficient to warrant the deduction of an improper construction of the car.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 960; Dec. Dig. ⬤⇒228(5).]

4. CARRIERS ⬤⇒209—CARRIAGE OF LIVE STOCK—DUTIES AS TO TRANSPORTATION.

It being a matter of common knowledge that the natural propensity of a mule is to kick, it is the duty of a carrier transporting such animals to take into consideration and furnish cars constructed with due regard for this propensity.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 925; Dec. Dig. ⬤⇒209.]

Appeal from Comanche County Court; J. H. McMillan, Judge.

Action by C. M. Albin against the Ft. Worth & Rio Grande Railway Company.

Judgment for the plaintiff, and defendant appeals. Affirmed.

Kearby & Kearby, of Comanche, for appellant. Goodson & Goodson, of Comanche, for appellee.

HIGGINS, J. Albin sued appellant in the justice court to recover damages arising from injuries to a mule shipped from Comanche to Ft. Worth. Upon appeal to the county court, judgment was rendered against appellant for the sum of $99.50, with 6 per cent. interest from date of judgment.

[1, 2] Upon the threshold of the case we are confronted with a motion filed by appellee to dismiss the appeal upon the ground that neither the judgment nor amount in controversy is sufficient to confer jurisdiction upon this court. The judgment, it is true, is for an amount insufficient to confer jurisdiction, and the appeal must be dismissed, unless the amount in controversy exceeds $100, exclusive of interest and costs. Omitting formal parts, appellee's petition reads:

"(1) That on or about October 2, A. D. 1912, the plaintiff delivered to said defendant railway company in Comanche, Texas, in first-class condition and good order, one certain four year old brown mare mule for shipment to North Ft. Worth, Texas. That said defendant received said animal in good order, and by its negligence in the shipment of said animal to Ft. Worth, Texas, from Comanche, Texas, said animal was damaged and injured, in that her stifle joint and hip and hind leg was damaged and injured, and said animal in her damaged condition was delivered by said defendant to the plaintiff at said North Ft. Worth, Texas. *That said animal by reason of the negligence of said defendant was damaged in the sum of $99.50, that being the difference in the animal in the market value at* *said time and place of delivery in the condition she was delivered, and the market value of said animal at said time and place, and in the condition, that by the use of ordinary care and diligence she could and should have been delivered by the defendant, as in law it was so bound to deliver said animal.*

"(2) The plaintiff sues the defendant for the sum of $99.50 and costs of suit."

If the injury to the mule was caused by the negligence of the defendant while it was in transit from Comanche to Ft. Worth, then, under the accepted rule in Texas, Albin was entitled to recover the difference in the market value of the animal at the time and place of delivery, in the condition it was delivered, and its market value at such time and place in the condition, that with ordinary care, it should have been delivered, with legal interest, which interest is recoverable as a part of the damage. Railway Co. v. Jackson, 62 Tex. 209; Railway Co. v. Greathouse, 82 Tex. 104, 17 S. W. 834; Railway Co. v. Smissen, 31 Tex. Civ. App. 549, 73 S. W. 42. And—

"if interest be properly an element of damages in any case, then it is so as a matter of law. Whether the case is such that the law makes it applicable is a question of fact for the jury, but whether or not it is to be allowed if the facts exist is a question of law that should not be

left to the jury." Watkins v. Junker, 90 Tex. 584, 40 S. W. 11.

The italicized portion of plaintiff's petition averred that the animal was damaged $99.50 by the defendant's negligence, that being the difference in its market value at the time and place of delivery in the condition it was delivered and its market value at such time and place in the condition that, with ordinary care, it should have been delivered. This being the case, appellant as a matter of law was entitled to recover the sum of $99.50, plus 6 per cent. interest thereon, which, in the aggregate, amounts to more than $100. Such interest would properly be recoverable, although there was no pleading specifically asking therefor. Railway Co. v. Greathouse, supra. So the amount in controversy in this case was the amount which the plaintiff's allegations showed he was legally entitled to recover, namely, the sum of $99.50, plus interest. And this is true notwithstanding the petition asks for the recovery of $99.50 only. The effect of the prayer was to simply limit the amount of recovery to that sum, and did not alter the fact that a sum in excess of $100 was the amount of damage which was in controversy. Times Pub. Co. v. Hill, 36 Tex. Civ. App. 389, 81 S. W. 806; Railway Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294; Railway Co. v. Hood, 59 Tex. Civ. App. 363, 125 S. W. 983; Railway Co. v. Mathews, 169 S. W. 1052. This item of interest, it is well settled, is recoverable not as interest eo nomine, but as an integral part of the plaintiff's recoverable damage. In determining the jurisdictional question, the amount due by way of interest is a part of the amount in controversy. Schulz v. Tessman, 92 Tex. 488, 49 S. W. 1031.

The case at bar is distinguishable from Railway Co. v. Rayzor (Sup.) 172 S. W. 1103. In that case it is true there was a distinct allegation that there was a depreciation in value of the property in the sum of $850, caused by the defendant's negligence, and an additional expense of $125 incurred in handling and repairing the property. Under the authority of the cases above noted there would properly be added as a matter of law an additional item of damage in the way of interest upon said $850, which would have made a total in excess of $1,000; but in that case there was the further allegation "that the plaintiff was thereby damaged in the sum of $975," and in the prayer there was a general averment which laid the damage at $975. As we understand the opinion in the Rayzor Case, Judge Phillips held that the allegations in the original petition were susceptible of two constructions, one of which was that the total damage alleged to have been sustained was $975, and this construction of the petition would be adopted, since it would support the jurisdiction of the court rather than defeat it. But in the instant case the petition is not susceptible of two constructions. The allegation plainly is that the depreciation in market value caused by the defendant's negligence was $99.50. There is nothing in the petition which would render possible the construction that said sum covered both depreciation in value and interest as well. The prayer contains no averment that the damage was $99.50, and is not in conflict with the previous allegation as in the Rayzor Case. So the distinguishing feature between the two cases is this:

In the Rayzor Case it was in effect held that the two allegations laying the plaintiff's damage in the aggregate sum of $975, which would cover interest and all other elements of damage, would control the previous allegation, the legal effect of which was to fix the damage at $975, exclusive of interest. In the case now considered the allegation cannot be construed as laying the aggregate damage (i. e., depreciation in value plus interest) at $99.50. If it were susceptible of such construction, the rule announced in the Rayzor Case would apply. In the Rayzor Case Judge Phillips does not mention the cases to which we have referred. If it had been the intention to overrule the authority thereof, it would, no doubt, have been clearly indicated. This case, it seems, falls plainly within the rule which they announce, and it is our duty to follow same, as it is not apparent that they are overruled by the Rayzor Case. It must be conceded that the Rayzor Case does not seem to be altogether in harmony therewith, but it is believed we have correctly interpreted the Rayzor decision, and regard same as distinguishable from the instant case and from those cases upon the authority of which our holding herein is based.

We therefore hold that the amount in controversy herein exceeds $100, and this court has jurisdiction, for which reason the motion to dismiss will be overruled.

The trial court filed findings of fact as follows:

"(1) That on the 2d day of October, 1912, the plaintiff shipped over defendant's road the four year old mule described in plaintiff's petition, from Comanche, Texas, to North Ft. Worth, Texas, to be delivered to plaintiff at the stock yards in North Ft. Worth.

"(2) That said animal was delivered to defendant in good condition, and that defendant delivered the same to plaintiff at the stockyards in North Ft. Worth in the injured condition complained of by plaintiff.

"(3) That there was no caretaker with said shipment from Comanche, Texas, to North Ft. Worth, Texas.

"(4) That the Ft. Worth Belt Railway Company is defendant's agent for the delivery of live stock and other freight at the stockyards in North Ft. Worth.

"(5) That the car in which said animal was shipped was not properly constructed for the shipment of live stock, in that the cracks between boards on the sides of said car were large or wide enough for animals to get their feet through.

"(6) That said car was handled with ordinary care and diligence from Comanche, Texas, to its delivery to the Ft. Worth Belt Railroad in North Ft. Worth, Texas.

"(7) That there was no testimony showing how said car was handled on the Ft. Worth Belt Railroad.

"(8) That the damage to said mule depreciated her market value, at the time and place of destination, more than the amount sued for."

And, at request of appellant, additional findings as follows:

"(1) I find that the injury consisted of a dislocation of the stifle joint of one of the mule's hind legs, the evidence does not show which one, and some minor bruises. The injury to the stifle joint was a permanent injury; other injuries, temporary.

"(2) I find that the mule received its injury by getting its foot fastened in a crack between planks, four or five feet above the floor of the car. The evidence does not show how the mule got her foot in the crack. ,

"(3) As to whether said mule got its foot fastened by exercising its animal propensity of kicking, the evidence does not show how it got its foot fastened; but I am inclined to think it was not by kicking, as the evidence does show that the mule was a gentle, well-broken mule."

[3] The first assignment complains that there is no evidence to support the fifth finding of fact. It is overruled. The fact that the animal got its foot caught in the crack, of itself, shows that it was large enough for such animal to get its foot through, and this would warrant the deduction of improper construction of a car in which such animals were to be shipped.

The second assignment is that the court erred in finding that the evidence did not disclose how the animal got its foot hung in the car, and in not finding that it got its foot hung in the side of the car on account of exercising its animal propensity of kicking, as no other explanation is offered as to how she could have been injured.

The third assignment is that the court erred in rendering judgment for the plaintiff, and in not rendering judgment for the defendant herein, because under the undisputed evidence the animal in question was injured by reason of her own animal propensities in kicking, and thereby getting her foot caught or hung in the sides of the car about five feet from the floor thereof.

[4] It makes no difference if the animal did get its foot caught in the crack by kicking. It is a matter of common knowledge that the natural propensity of such animals under such conditions is to kick. In furnishing cars to transport such animals, this propensity must be taken into consideration by the carrier, and it is its duty to furnish cars constructed with due regard for this natural propensity. It is not a case where the injury was caused by the inherent viciousness of the animals, or by them fighting with each other.

The findings complained of in the fourth, fifth, and sixth assignments are immaterial, in view of the finding that the animal was injured by getting its foot caught in the crack of the car and that such car was improperly constructed. It would therefore be profitless to inquire whether the findings complained of were properly made.

The seventh assignment reads:

"The court erred in rendering judgment for plaintiff, and in not rendering judgment for the defendant herein, because the court's findings show that this defendant exercised due care and ordinary diligence in handling said shipment from Comanche to North Ft. Worth, and no facts are alleged or proven which would render this defendant liable for any injury after arrival at North Ft. Worth, for, having exercised ordinary care and diligence in said transportation, it was absolved from any liability for any injury sustained."

The defendant is liable for its negligence with respect to the improperly constructed car in which the animal was shipped, and this assignment is therefore overruled.

Affirmed.