## SIGMOND ROTHSCHILD CO. v. MOORE.
### (No. 1869.)

Court of Civil Appeals of Texas. Beaumont.
Nov. 23, 1929.

Rehearing Denied Dec. 4, 1929.

Maurice Epstein, of Houston, for appellant.
W. N. Foster, of Conroe, for appellee.

O'QUINN, J. Appellee sued appellant, alleging that it, together with the sheriff of Montgomery county, had wrongfully appropriated and converted to its own use and benefit certain merchandise consisting of flour, meal, and feedstuffs described in appellee's petition; it being alleged that said property had been levied upon under and by virtue of a writ of attachment at the instance of appellant in connection with a former suit by appellant against one F. E. Anderson, and that said property had been sold at the instance of appellant by the sheriff of Montgomery county under and in connection with said suit and attachment. The sureties on the sheriff's bond, and the Maryland Surety Company, surety on the indemnity bond furnished by appellant, were also made parties defendant.

In defense to said suit, appellant pleaded by its first amended original answer and cross-action:

(1) A general denial.

(2) A special denial that the property attached was the property of appellee, or that appellant had any notice of any interest or claim of appellee; and, further, that if at the time of the levying of said writ and at the time of the sale of said property, appellee was in fact the owner and entitled to the possession of said attached property, he (Moore) was estopped from asserting his claim of ownership or right of possession to said property to the prejudice of appellant, for the reason that by his actions, conduct, representations, and acquiescence prior to the attachment and sale of said property, he dealt with said property and held same out as being the sole property of F. E. Anderson, the defendant in said former suit, and in connection with which the attachment was had, and that

he, appellee Moore, had no interest therein; and, further, that by reason of appellee's conduct, acquiescence, and laches subsequent to the attachment sale of said property under and by virtue of said attachment in causing appellant to believe that appellee had no bona fide interest in said property, and that said Anderson was in fact the sole owner thereof, appellee was now estopped from asserting, to the prejudice of appellant, any claim of ownership or interest in said property.

(3) Further answering, appellant filed a cross-action against appellee, wherein it set up the judgment recovered by it in the suit against Anderson, and sought to hold appellee liable on said judgment on the theory that appellee was in fact the secret partner of the defendant Anderson, and that that fact was not discovered by appellant until long after the judgment recovered by it in the Anderson suit.

The trial was before a jury, and at the conclusion of the evidence appellant moved the court for an instructed verdict in its favor, insisting that there was no issue of fact to be submitted to the jury—that the uncontradicted evidence showed that appellee (plaintiff) was not entitled to recover. Appellee (plaintiff) also moved for an instructed verdict in his favor. Appellant's motion was denied, and that of appellee granted. Judgment was accordingly entered in appellee's favor against appellant for $1,256.45 with 6 per cent. interest thereon from and after February 4, 1926. Judgment was also entered that appellant take nothing by its cross-action against appellee. From the judgment appellant prosecutes this appeal.

Appellant's first four propositions are presented grouped. They assert that the court committed fundamental error in withdrawing the case from the jury and in directing a verdict for appellee against it, both on appellee's (plaintiff's) petition, and appellant's cross-action, because the pleadings and the evidence raised the question of fact whether or not appellee was the true owner of the property attached by appellant in a suit against F. E. Anderson. Under these assignments it is insisted:

(a) That under the evidence and circumstances surrounding the parties and the inferences to be drawn therefrom, the jury would have been justified in finding that appellee was not the owner of the property in question;

(b) That appellee's claim of title and right of possession at the time of the alleged conversion was controverted, the testimony thereon conflicting, and reasonable minds might have drawn different conclusions as to the ownership of the property; and

(c) That appellee had placed the property in the possession, custody, and control of F. E. Anderson and permitted him to deal with it as his own, and after said property had

been levied upon by appellant in its suit against said Anderson, appellee, with notice of said attachment and proposed sale of said property thereunder, asserted no claim thereto either to the sheriff or to appellant, but permitted said property to be sold without protest on his (appellee's) part. By reason of all of which the issue of ownership of said property was a disputed question of fact and should have been submitted to the jury.

At the request of appellant, the court filed his findings of fact and conclusions of law. They are:

## "Findings of Fact

"First: I find from the uncontroverted evidence in this cause that the plaintiff was the owner of the property described in his original petition and that the same was seized by the sheriff of Montgomery County under a writ of attachment issued in a suit by defendant Sigmond Rothchild Company against one F. E. Anderson, and was thereafter sold by the sheriff of Montgomery County.

"Second: I find that the issuance and levy of the writ of attachment aforesaid was at the instance of defendant Sigmond Rothchild Company and that the sale made by the sheriff of Montgomery County of said property was also at its instance and request.

"Third: I find that the sheriff of Montgomery County, acting under said writ of attachment, took possession of the house in which plaintiff's property so attached was situated and held possession thereof from February 4th, 1926, until and including the 9th day of March, 1926, and that the reasonable rental value of said house was thirty dollars per month and that said house was the property of plaintiff.

"Fourth: I find that the property of plaintiff so levied upon and sold at the time of such levy, February 4th, 1926, was of the reasonable market value of twelve hundred twenty-one and $\frac{45}{100}$ dollars, this finding being based upon the uncontradicted testimony.

"Fifth: The proof in this case does not raise the issue of estoppel and I specially find that there was no evidence going to show that plaintiff was estopped to assert title to and ownership of the property seized and sold under the writ of attachment as aforesaid.

"Sixth: The uncontradicted testimony shows that plaintiff through one F. E. Anderson, purchased the flour and meal described in plaintiff's petition and which was levied upon and sold under the writ of attachment aforesaid and paid therefor and that the money so used in buying the same belonged solely to plaintiff, and in this connection I find that there is no evidence tending to show that plaintiff made a loan to said F. E. Anderson of the money which was paid for said property. I find in this connection that plaintiff had, before said property was purchased,

by plaintiff, employed said F. E. Anderson as a clerk or agent to sell the flour and meal so purchased by plaintiff, being the flour and meal bought by him from the Morten Milling Company and the Marshall Mill and Elevator Company as shown by the invoices introduced in evidence.

"Seventh: The arrangement between plaintiff and said F. E. Anderson by which the latter was to sell said flour and meal for plaintiff is shown by the uncontradicted evidence to be as follows: That said F. E. Anderson was to act as clerk or agent for plaintiff in making sales of said property at prices designated by plaintiff and that the prices so designated were to be—on the meal 3¢ per sack in advance of the cost price when delivered from the car and 6¢ per sack in advance of the cost price when delivered from the warehouse, and that the price for the flour so designated was 50¢ per barrel in advance of the cost price; that all sales should be made for cash and the proceeds deposited by Anderson in the First State Bank of Dobbin to the credit of plaintiff; that said Anderson was to be paid by plaintiff, after said property was sold, as compensation or wage for his services in selling said property, 1½¢ per sack on the meal sold from the car and 3¢ per sack on the meal sold from the warehouse and 25¢ per barrel for all flour sold. I find in this connection that it will not the intention of the parties that said Anderson should receive as compensation for his services a stipulated sum, equal to one-half of the difference between the cost and the fixed selling price; that he had no property rights in said flour and meal or in the profits accruing from the sale of same under this agreement. I find that prior to the levy of said writ of attachment, the said Anderson had made several sales of said flour and meal and deposited the full amount of the proceeds of such sales to the credit of plaintiff in the First State Bank of Dobbin. I further find that plaintiff was to bear, and did bear, all expenses incident to the hauling and handling of said flour and meal, and that any losses that might have been suffered to said property through fire or otherwise would have been the loss of plaintiff.

"Eighth: I further find that F. E. Anderson, early in 1926, was indebted to plaintiff in the sum of about one hundred sixty dollars and that in payment and satisfaction of said debt he sold and delivered to plaintiff the oats, cotton seed hulls and hay described in plaintiff's original petition and which were levied upon at the instance of the defendant Sigmond Rothchild Company along with the flour and meal referred to and that said property was owned solely by plaintiff when said property was seized by attachment and thereafter sold under said writ.

"Ninth: I find that the indebtedness of F. E. Anderson to the defendant Sigmond Rothchild Company which was the basis of the suit, incident to which the attachment was issued and levied, was not an obligation of plaintiff B. R. Moore. The property sold by said defendant Sigmond Rothchild Company to F. E. Anderson which gave rise to said debt was other and different property from the flour and meal which plaintiff purchased from the Morten Milling Company and the Marshall Mill & Elevator Company.

"Tenth: Plaintiff was not a partner of F. E. Anderson or S. F. Anderson, or of the Dobbin Feed Store and was in no way connected with the business of either of said parties, and in this connection I find in reference to the flour and meal purchased by plaintiff from the Morten Milling Company and the Marshall Mill & Elevator Company that there is no evidence that either plaintiff or the said F. E. Anderson intended to become partners. Nor is there any evidence in the record tending to show an intention on the part of plaintiff or F. E. Anderson or S. F. Anderson that plaintiff should become a partner of any or either of them.

"Eleventh: "I find that the proceeds of the sale of the property described in plaintiff's original petition, made by the sheriff of Montgomery County were received by the defendant Sigmond Rothchild Company and that said company appropriated the value of said property to its own use and benefit. And, in this connection I find that nothing has been paid to plaintiff for said property and nothing has been paid to him as rental on his building while the same was held by the sheriff of Montgomery County under said writ of attachment.

"Conclusions of Law

"First: On the foregoing facts I conclude that no partnership relations existed between plaintiff and F. E. Anderson or between plaintiff and S. F. Anderson, or between plaintiff and the Dobbin Feed Store.

"Second: Plaintiff is not estopped from denying that he was a partner of either of the parties referred to in the foregoing conclusion, and is not estopped from asserting that he was the owner of the property described in his petition at the time the same was levied upon under said writ of attachment.

"Third: The original defendants, to-wit, Sigmond Rothchild Company, Ben Hicks, Thos. S. Falvey, S. K. Hailey and J. L. Hicks, jointly and severally, converted plaintiff's property as described in plaintiff's original petition and the defendant Sigmond Rothchild Company appropriated the value of the same to its own use and benefit.

"Fourth: I therefore conclude from the uncontroverted testimony that plaintiff is entitled to the judgment rendered and entered in this cause."

There is also in the record a complete state-

ment of facts agreed to by the parties and approved by the court. The court's findings of fact are abundantly supported by the statement of facts, and we adopt same as our findings.

As we view the evidence, the question of ownership of the property is without dispute. It belonged to appellee Moore. He testified positively and unequivocally that it was his, and he was corroborated in this by Anderson. This testimony was uncontradicted. There can be no more than a mere surmise or suspicion that it belonged to Anderson, if it can be said to go that far. A mere surmise or suspicion of the existence of facts is not enough to require submission of their existence to a jury. In this state of the evidence, on the question of ownership, the court did not err in directing the verdict. Joske v. Irvine, 91 Tex. 574, 44 S. W. 1059; Thomas & Co. v. Hawthorne (Tex. Civ. App.) 245 S. W. 966 (writ denied); Dunlap v. Wright (Tex. Civ. App.) 280 S. W. 276; Hall Music Co. v. Robinson (Tex. Civ. App.) 7 S.W.(2d) 625; Still v. Stevens (Tex. Civ. App.) 13 S.W.(2d) 956.

Furthermore, the contention that because the evidence of ownership was mainly that of appellee Moore, and he being an interested witness, the question of ownership should have been submitted to the jury, cannot be sustained. Certainly Moore was an interested witness. He testified most positively and unequivocally that the property was his, and that Anderson's possession of and acts relative to said property were as his (appellee's) agent only, and that Anderson had absolutely no interest in or claim to the property otherwise. This testimony was not disputed, or if so, only inferentially. Moore's testimony was fully corroborated by Anderson, and largely by the witness James E. Gilmore, who was cashier of the Dobbin bank, and who handled and was familiar with the documents, checks, bills of lading, etc., having to do with said property, that were in evidence in the trial. However, the rule is well settled in this state that neither a jury nor a trial judge may disregard and decline to give effect to the uncontradicted testimony of a party to a suit, when the testimony is positive and unequivocal, and there is nothing done to impeach or discredit it. McKeever v. Dittman (Tex. Civ. App.) 262 S. W. 1054, 1058; Thomas & Co. v. Hawthorne (Tex. Civ. App.) 245 S. W. 966 (writ refused); Still v. Stevens (Tex. Civ. App.) 13 S.W.(2d) 956; Joffre v. Mynatt (Tex. Civ. App.) 206 S. W. 951; Dunlap v. Wright (Tex. Civ. App.) 280 S. W. 276. We think, under the undisputed facts, there was no issue as to the ownership of the property. The assignments are overruled.

Appellant's fifth and sixth propositions asserting that appellee is estopped from claiming ownership of the property are overruled. The record discloses no facts that would support a finding by the jury that appellee was estopped from asserting ownership of the property. There is no evidence in the record that appellee ever made any representations to appellant relative to the ownership of the property, and neither is there any evidence of silence on his part under circumstances that made it his duty to speak concerning same, or that any such silence in any way influenced appellant to take any action in reference to the property attached. It is true that after the levy was made, and prior to the sale, he did not hunt up appellant and assert his ownership. He was not present at the time the attachment was levied, nor for several days afterwards. In that respect he was silent, but was he silent under conditions that required him to speak, or not doing so made it a fraud on his part not to speak? It is undisputed that Anderson, the man that appellant contends either owned the property, or that appellee permitted to have custody and control of in such way as to hold him out as the owner of the property, told the agent and representative of appellant, when he was investigating as to Anderson's ability to pay his indebtedness to appellant when the bank at Dobbin failed and before the suit against Anderson was filed by appellant and before the attachment was levied, that the property in question was not his (Anderson's), but that same belonged to Moore, and it is also undisputed that Anderson told the agent and representative of appellant and the officer with him at the time the attachment was made that the property in issue was not his, but that same belonged to Moore. Anderson so testified. His testimony was not disputed. So it appears that appellant had notice, before the attachment was levied and also at the very time of the levy, that the property was Moore's. Appellee, Moore, was not in Dobbin at the time of the levying of the attachment; he was away near Houston on some business matter. A few days after the attachment had been run, he was told that appellant had attached the property. Appellant made no effort to see Moore or to communicate with him as to the ownership of the property, although, as before stated, it was advised both before and at the time the attachment was levied that Anderson did not own the property, but that same was Moore's; Anderson merely being the agent or employee of Moore to dispose of same, and, too, knowing that Moore had not made any sort of representations to it as to the property. 21 C. J. pp. 1113, 1119, 1129, 1132 and 1150 (section 154); Blum v. Merchant, 58 Tex. 400; Bynum v. Preston, 69 Tex. 291, 6 S. W. 428, 5 Am. St. Rep. 49; Stratton-White Co. v. Castleberry, 15 Tex. Civ. App. 149, 38 S. W. 835; Thomas & Co. v. Hawthorne (Tex. Civ. App.) 245 S. W. 966. Clearly, under the authorities, no element of estoppel is shown. Appellant could have sought Moore for the purpose

of investigating the information it had received from Anderson. Had it done so, it would have learned from him, not only that he asserted ownership of the property, but all the details concerning its acquisition by him and the nature of Anderson's handling same. Appellant could have gone to the bank at Dobbin, where the property was situated and attached, and which handled the bills of lading, checks, and accounts pertaining to the matter, and obtained information as to same. Appellant wholly failed to avail itself of any of the means of acquiring information, and took the chance of acting in the face of the information it already had through Anderson's repeated statements to it that the property was not his but belonged to Moore, and that he was acting only as Moore's agent to dispose of same. Appellant was satisfied to rest and act upon its own conclusion as to the ownership of the property.

█ Appellant's seventh proposition, that no proof of value of the property alleged to have been converted was made, is overruled. The witness Anderson, by whom the proof of value, in the main, was made, was competent and testified directly and positively as to the value of the property at the time same was attached and sold. His testimony was not controverted.

█ Appellant's eighth and ninth propositions complain that the court erred in his conclusion of law that no partnership relations existed between appellee Moore and F. E. Anderson. The insistence is that under the facts shown Moore was a partner with Anderson in their dealings with the property in question, and that this was a question of fact raised both by the pleadings and the evidence, and should have been submitted to the jury. These assignments are overruled. Without reviewing the evidence, we will say that the undisputed evidence shows that appellee, Moore, purchased through Anderson a car of flour and a car of meal to be sold by Anderson, acting as Moore's agent to make such sales. All expenses incident to the handling of same were to be and were borne by Moore alone, Anderson receiving for his services as the agent or employee of Moore a stipulated compensation, which was to be one-half of the excess of the selling price over the cost price, and that all risks incident to the matter were to be borne by Moore only. The court so found, and the undisputed evidence supports the court's finding. Under this state of the record, it was proper for the court to find that no partnership existed. This rule is well settled by our decisions. Buzard v. Bank, 67 Tex. 83, 2 S. W. 54, 60 Am. Rep. 7; Brown v. Watson, 72 Tex. 216, 10 S. W. 395; Railway v. Smissen, 31 Tex. Civ. App. 549, 73 S. W. 42 (writ refused); Supply Company v. McGowan, 213 Ky. 102, 280 S. W. 491; Cothran v. Marmaduke, 60 Tex. 370.

No error being shown, the judgment should be affirmed, and it is so ordered.

Affirmed.