### J. J. COTHRAN v. MARMADUKE & BROWN.

(Case No. 4284.)

1. PARTNERSHIP.— It is not essential to constitute a partnership that the parties are by agreement to share in the losses of a business; it is sufficient if they are to have a community of interest in the profits as such. Following Goode v. McCartney, 10 Tex., 195. A partnership being thus established by community interest in the profits, both parties are liable to third parties for obligations incurred in prosecuting the partnership enterprise.

2. SAME.— The above doctrine does not apply to a case where a clerk, who advances nothing, is to receive a stipulated portion of the profits as compensation for his labor.

APPEAL from Lamar. Tried below before the Hon. R. R. Gaines.

Appellees brought this suit against the firm of J. & D. Caviness and J. J. Cothran, in 1875, to recover on an account for goods sold and delivered by appellees to a certain firm alleged to have been composed of J. & D. Caviness and (appellant) J. J. Cothran. They also declared upon and attached to their pleading the drafts which

they alleged to have been drawn by the firm and paid by appellees at their request; that the drafts had been drawn by the firm of Caviness & Cothran against shipments of cotton, wool, etc., made by said firm to appellees; that the cotton, wool, etc., had been sold by them, and that the proceeds were insufficient to pay the amount of the drafts. They prayed judgment against the firm and against appellant individually. Appellant alone answered by general demurrer, special exceptions, general denial, and a plea under oath denying the partnership.

Verdict and judgment for $628.81 against the firm of J. & D. Caviness and J. J. Cothran, and against J. J. Cothran individually.

The only errors assigned, deemed material, are the following:

4th. "The court erred in charging the jury that if defendant J. J. Cothran loaned money to J. & D. Caviness to be used by them in buying and selling cotton, hides, etc., and was to receive a part of the profits of the business as a consideration for such loan, then the said Cothran was a partner."

5th. "The court erred in its charge by making the fact of partnership or not depend upon whether or not the defendant Cothran was to receive a fixed sum of the profits as a compensation for the use of his money, and this was calculated to mislead the jury."

The evidence upon which the charge complained of was based was that of appellant, who, after stating that he was not a partner, said that he loaned J. & D. Caviness in 1874 the sum of $400 for the purpose of buying cotton, wool, hides, etc.; that he had no interest in the produce purchased; he said: "I was to have a portion of the profits on the cotton, wool and hides for the use of my money. This is all the interest I had. I looked to them to pay back my money, and they agreed to give me a portion of the profits on the cotton, wool and hides for the interest on my money. I had no interest in the cotton, etc., they bought with this money, but loaned them the money just like I loaned to other people, and by way of interest, and to compensate me for the use of my money they were to give me a portion of the speculation when the amount of the profits was ascertained."

*Dudley & McDonald*, for appellant, cited: Gallop v. Newman, 7 Pick. (Mass.), 282; Polk v. Buchanan, 5 Sneed (Tenn.), 721; Bowman v. Baily, 10 Vt., 170; Johnson v. Miller, 16 Ohio, 431; Stoalings v. Baker, 15 Mo., 481; Jones v. O'Farrel, 1 Nev., 354; Hubbell v. Woolf, 15 Ind., 204; Emmons v. Westfield, 97 Mass., 230; Parsons on Partnerships (3d ed.), 148, 149.

*Maxey, Lightfoot & Denton,* for appellee.

WATTS, J. COM. APP.—Upon the trial the court instructed the jury that, "If defendant loaned or advanced money to J. & D. Caviness to be used in the purchase and sale of cotton, hides, etc., and was to receive a part of the profits of the business as a consideration for such loan or advance, I instruct you that he was a partner, but if, on the other hand, he was to receive a fixed sum from the profits of the business as a compensation for the use of his money, he was not a partner."

Appellant insists that the court erred in the criterion furnished for the purpose of determining whether or not he was in fact a partner. Both at common law and in equity, where a party by agreement had a right in the entire net profits, which entitled him to a definite share as profits, he was considered a partner. Chester *v.* Dickinson, 54 N. Y., 1.

It is not essential to constitute a partnership that the parties were by agreement to share in the losses, but it is sufficient if they are to have a community of interest in the profits as such. Goode *v.* McCartney, 10 Tex., 195; Manhattan Brass Co. *v.* Sears, 45 N. Y., 797.

In Story on Partnership, § 58, it is said "that he who is to take a part of the profits shall by operation of law be made liable to losses as to third persons, because by taking a part of the profits he takes from the creditors a part of that fund which is the security for the payment of their debts."

In determining the question the court will look to the actual relation consequent upon the engagements of the parties, and in favor of creditors they will ordinarily apply the doctrine that the party who shares in the profits must also bear his share of the liabilities. And it is said that this is applied as a rule of law. That to obviate its force and effect, it is not sufficient that the parties did not intend a partnership, or that they intended there should be none. To do this, it must be shown that they intended and constituted a distinct and different relation excluding that of partnership. Owens *v.* Mackall, 33 Md., 382; Parker *v.* Canfield, 37 Conn., 250; Eastman *v.* Clark, 53 N. H., 276; Leggett *v.* Hyde, 58 N. Y., 272.

It has been held that, as to third persons, it is sufficient to show a communion of interest in the profits to establish the relation of partnership. Sheridan *v.* Medora, 10 N. J. Eq., 469; Lengle *v.* Smith, 48 Mo., 276.

From these authorities it would seem that if appellant advanced the money, upon the agreement that he was to share in the net prof-

its resulting from the enterprise, this would entitle him to an account to ascertain the result of the enterprise. And this, together with the further fact that such profits constitute partnership property to which creditors could resort, would constitute appellant a partner.

The true distinction is this: Where a clerk or agent by agreement is to receive a fixed portion of the profits as compensation for his time or labor, that he does this as clerk or agent and not as principal; for the partnership fund or effects may be legally used in paying such clerk or agent for his time and services. Therefore the fact that the effects are not resorted to for this purpose, until profits have accrued and become effects, would not make the clerk or agent receiving such effects as compensation for his services a partner. But when one advances money under an agreement that the principal is to be refunded, but for compensation he is to share in the net profits of the adventure, this makes him a partner, for he is then to share in the profits as a principal and not as a clerk or agent.

There is no error in the charge of which appellant can complain. The other errors assigned and relied upon are not well taken. The verdict is fully sustained by the evidence, and the judgment ought to be affirmed.

AFFIRMED.

[Opinion adopted November 23, 1883.]