H. & T. C. R'y Co. ET AL. v. WM. E. POOLE.

(Case No. 1866.)

1. CASE APPROVED.— The doctrine announced on the former appeal of this case (58 Tex., 138) reaffirmed.
2. EVIDENCE — PRACTICE.— When in an action to recover for goods converted through the alleged fraudulent act of several, testimony is introduced tending to sustain the charge against one defendant and not the others, it is the duty of co-defendants to ask instructions limiting its effect. If these are asked and refused, it is cause for reversal of a judgment against the defendant to whom the evidence has no application.
3. STOPPAGE IN TRANSITU.— In an action involving among other things the right of stoppage *in transitu*, the vendor claiming that the right existed and had been properly exercised, sustaining it alone by evidence that after the sale and shipment of the goods he had learned that a deed of trust had been given on them to secure the debt of another, *held*, that the evidence of itself was not sufficient to show that the seller learned of the insolvency of the purchaser after shipment of the goods.

APPEAL from Falls. Tried below before the Hon. B. W. Rimes.

Appellee brought this suit against the appellants January 5, 1875. This was the second appeal, and for statement see Poole v. H. & T. C. R'y Co., 58 Tex., 134. The suit was to recover the value of the goods, and interest, alleged to have been shipped by Poole from Galveston to La Prelle, at Marlin, in Falls county. The plaintiff alleged that La Prelle " had become insolvent," and that before the goods reached Marlin he notified the railroad agent at Marlin to hold the goods for plaintiff; that afterwards, on or about the 30th of November, La Prelle, Scott and the railroad company fraudulently, etc., acting together to " cheat " Poole, converted the goods to their own use. Poole sued for $150 attorneys' fees, and $37.50 expenses, and for $2,000 exemplary damages. Plaintiff dismissed as to the La Prelles, alleging their insolvency.

The case came on for trial August 24, 1883. Scott made default; the railroad appeared and defended. Verdict: " We, the jury,

find for the plaintiff against defendants the sum of $761.55, with eight per cent. interest from the 30th day of November, 1874, and also assess exemplary damages against J. L. Scott the amount of $500." Judgment thereon against Scott and the railroad for $1,293.65, and in addition, against Scott, $500. The railroad company appealed.

The witness Aycock testified that on a former trial of this case Scott had testified that he (Scott) had gone to Hearne at the instance of La Prelle, and as his agent; that he had the original bill of lading issued to La Prelle; that he, on said bill of lading, demanded and received from the defendant railway the cases therein mentioned; that he changed the marks thereon from the name of La Prelle to that of J. L. Scott & Co., reshipped the same from Hearne to Marlin, taking a bill of lading therefor; that the original bill of lading was transferred to him by La Prelle without any consideration.

The appellee excepted.

*Alexander & Winter*, for appellant, cited: Greenl. Ev., vol. 1, p. 116 *et seq.;* Hutchinson, Carriers, §§ 412, 413 *et seq.*, 418; 15 Wend., 137; 2 Mason, 236; 16 Md., 122; 1 Denio, 483; 5 id., 629; 21 Ohio, 281.

*B. L. Aycock,* for appellee.

Watts, J. Com. App.— When this case was before the court on the former appeal, after full investigation and mature consideration it was distinctly held that notice to the station agent at Marlin, the point to which the merchandise was consigned, of the stoppage *in transitu,* was notice to the railroad company (58 Tex., 138). No good reason has been perceived to doubt the correctness of that conclusion, and it will no longer be considered an open question.

Under the facts and circumstances of the case, the testimony of Aycock, as to the statements made by the defendant J. L. Scott, on the former trial, was admissible as against Scott. But there was nothing in the circumstances of the case which would authorize its admission against the railroad company.

The general rule is that, where evidence is admissible for any purpose, it is incumbent upon those against whom it should not operate to limit its effect by asking appropriate instructions of the court.

Here the company, as appears from the bill of exceptions, asked the court, in the admission of the evidence, to limit its operation to defendant Scott. This the court refused to do, but admitted the evi-

dence without qualification. This evidence as admitted bore directly upon one of the contested issues between the company and appellee. One of the important issues between these parties was as to whether the name of La Prelle & Bro. had been erased from the cases, and that of J. L. Scott & Co. placed upon the same. And as the attention of the court had been called to the fact that this evidence should be limited to the defendant Scott, we are of the opinion that it was error to submit that issue without the qualification.

Again, the right to stop the merchandise in transit depended upon the fact that appellee ascertained the insolvency of La Prelle & Bro. after the sale and shipment. If the fact of the insolvency had been known to appellee before he made the sale to La Prelle & Bro., then he would not have the right to stop the merchandise in transit. Wait's Actions and Defenses, vol. 5, p. 611, etc. And to show this fact the burden was upon appellee. The only evidence adduced to that issue was his own, and the statement of the agent or clerk, to the effect that after the merchandise was shipped appellee learned that La Prelle & Bro. had given a deed of trust upon their property. The facts were known to appellee, and it does seem that something more certain and direct ought to be exacted of him than the very meager statement that after the shipment he learned of the deed of trust.

We conclude that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted February 6, 1885.]