### W. B. WORSHAM v. JOHN VIGNAL.

#### No. 304.

**1. Cotenancy and Partnership in Personal Property.**—A cotenancy in personal property arises from the mere ownership in common of the property, while a partnership therein is created, regulated. and controlled by the agreement of the parties.

**2. Same — Sale and Conversion by Cotenant.** — Where a cotenant, without authority, sells the whole property, the vendee does not become liable to the other tenant for a conversion of the latter's share unless it is lost or destroyed through the vendee's action.

**3. Same—Interest.**—The party liable for a conversion is liable for interest from its date, instead of from the 1st day of January thereafter.

APPEAL from Clay. Tried below before Hon. GEORGE E. MILLER.

John Vignal instituted this suit against W. B. Worsham for the conversion of 105 head of cattle, owned jointly by and in the possession of plaintiff and Joe Johnson; plaintiff claiming to be the owner of four-fifths of said cattle and that Johnson was the owner of one-fifth. Plaintiff charged fraud and collusion between defendant and Joe Johnson, and that the sale of said cattle to Worsham by Johnson was without any consideration and for the purpose of defrauding plaintiff, and that by means

thereof the defendant got possession of the cattle and converted them to his own use. There was a judgment for plaintiff.

*Swan & Swain*, for appellant.— 1. An action for trover or debt can not be maintained against the vendee of one joint tenant in favor of the other joint tenant unless such purchaser converts the property to his own use, and therefore the mere act of sale by Johnson to Worsham would not justify a recovery by the plaintiff in this cause, there being no evidence of conversion on the part of defendant. Trammell v. McDade, 29 Texas, 362; Freem. on Conten. and Part., 311; Cool. on Torts, 533.

2. If the act of sale constituted a conversion, the interest would not begin to run until the following January, and would only be 6 per cent after August 11, 1891. Anderson v. Larremore, 1 W. & W. C. C., 950; Blum v. Merchant, 58 Texas, 400.

*J. A. Templeton*, for appellee.— 1. The evidence did not establish a partnership between appellee and Joe Johnson in the cattle in contro-versy, but it did establish a joint tenancy. Cleveland v. Anderson, 2 Willson's C. C., sec. 146; Buzard v. Bank, 67 Texas, 83; 5 Wait's Act. and Def., "Partnership," sec. 3.

2. The sale of the entire stock of cattle by Joe Johnson to appellant, under the circumstances detailed in evidence, had the effect to oust appellee from the possession thereof, and amounted to a denial of appellee's interest in said cattle, and was a conversion thereof by appellant to his own use and benefit, to the entire exclusion of appellee; and the court did not err in the instructions given the jury upon this phase of the case. Freem. on Coten. and Part., secs. 18, 223, 224, 182, 183, 328; Water. on Trespass, sec. 555.

HEAD, ASSOCIATE JUSTICE.—Appellant's first assignment of error is not well taken. The evidence at least raised the issue of cotenancy, as distinguished from partnership, between Vignal and Johnson in the cattle, if it did not strongly preponderate in favor of the former relation. The principal difference between a partnership and cotenancy in the ownership of personal property is, that the former is created, regulated, and controlled ·by the agreement entered into by the parties, while the latter arises from the ownership of the property itself. Freem. on Coten. and Part., sec. 111. In this case the direct evidence only goes to the extent of showing a joint acquisition of the property by each of the parties con-tributing toward its purchase. This was sufficient to show a cotenancy; but whether it would, in connection with the other circumstances in evidence, show a partnership, was properly left to the decision of the jury. The definition of partnership and of cotenancy, as given by the court be-low, is not complained of.

The third paragraph of the court's charge was as follows: "If you find and believe from the evidence that the plaintiff, John Vignal, and Joe Johnson were joint tenants, as hereinbefore defined in the second paragraph of these instructions, in the ownership of the cattle described in plaintiff's petition, and that the defendant, within two years next before the filing of the petition herein, bought of Joe Johnson the said cattle, and that Joe Johnson was not authorized to sell the interest of plaintiff, and plaintiff did not consent to said sale, and did not ratify the same, you will find for plaintiff."

The effect of the charge is, that the vendee of one cotenant who, without authority, undertakes to sell the whole, by the very fact of purchase becomes liable to the other tenant for a conversion of his share. We do not understand the authorities to go to this extent. Such a purchaser would at least become a cotenant in the property, and entitled to retain possession, in some cases, even against those interested with him. In other words, he would have as much right to the possession of the joint property as they, and in order to make him liable for the conversion of their interests, it has generally been held necessary to show a state of facts equivalent to a loss or destruction of their shares through his acts. Trammell v. McDade, 29 Texas, 362; Freem. on Coten. and Part., sec. 311; Cool. on Torts, 2 ed., 533. In this case appellant admits that he has shipped most of the cattle out of the country, but not all of them, and we would not in this state of the evidence be authorized to treat this charge as harmless error.

If appellant is liable for a conversion at all, he should be charged with interest from its date, not from the 1st of January thereafter. Railway v. Jackson, 62 Texas, 209. This interest, however, in this class of cases, should be calculated at 8 per cent only to the time the law was changed, and at 6 per cent since that time. This seems well settled. Railway v. Humphries, 4 Texas Civ. App., 333, and authorities there cited. Appellee offers in his brief to remit any excess in interest we may find, but the verdict does not afford the necessary data to enable us to make the calculation.

The other assignments need not be considered, as the judgment of the court below must be reversed and the cause remanded for the errors above indicated.

*Reversed and remanded.*

Delivered December 6, 1893.