### George M. Dilley & Son v. R. W. Abright et al.

Delivered October 29, 1898.

**Partnership—Contract Held to Create It.**

Where one person furnished money to another for the purpose of constructing furnaces under a contract, the consideration of which was the repayment of the sum advanced, with the interest which the lender had to pay for it, and of one-third of the net profits arising from the contract, the lender was, as to creditor's of the borrower, a partner in such enterprise, although neither of the parties contemplated that their acts and agreement should create a partnership relation between them.

Appeal from Dallas. Tried below before Hon. Kenneth Foree.

*Holloway & Holloway,* for appellants.

*Russell & Callaway,* for appellees.

FINLEY, Chief Justice.—George M. Dilley & Son brought suit in the County Court against R. W. Abright and W. Illingworth, upon an account of $499.12, for goods alleged to have been furnished to Abright and Illingworth by the San Antonio Foundry Company, and also upon an acceptance for the like amount executed by R. W. Abright in favor of the San Antonio Foundry Company. The plaintiffs sued as assignees of the foundry company. Illingworth was sued as being a partner with Abright in the enterprise for which the material was purchased, that is, the erection of certain crematory furnaces in the City of Mexico. The defendants denied the partnership. Abright also pleaded a set-off, one item of which, amounting to $61.05, was for defects in the material furnished. Upon a trial by the court judgment was rendered against Abright for the amount claimed, after allowing the offset of $61.05. Judgment was rendered in favor of the defendant, Illingworth, the court finding, "as a matter of law, that the facts shown did not constitute Illingworth a partner of Abright." The plaintiffs appeal.

*Opinion.*—There is no question as to the correctness of the judgment against Abright which we find it necessary to discuss. He was liable to the plaintiff for the amount of the account; but he established his offset of $61.05 on account of defects in the material, as pleaded by him, and this sum was properly deducted from the sum for which he was liable to the plaintiff. The serious question presented is as to the liability of W. Illingworth as a partner with Abright in the particular business or undertaking. There seems to be no controversy as to the facts; both Abright and Illingworth testify in substantial accord, and upon their evidence depends the issue of partnership. There is no contention that they were held out as partners and that creditors so regarded them. The proposition is that the evidence shows that they were partners in fact inter se. The trial court held that the evidence did not establish such partnership and acquitted Illingworth of all liability upon the debt. Is such holding correct? Abright entered into a contract with the City of Mexico in his individual name to erect certain crematory furnaces for which he was to receive $21,500 in Mexican money.

These facts are unquestioned: (1) W. Illingworth furnished to R. W. Abright $4733.75 for the purpose of constructing certain crematory furnaces under a contract entered into between R. W. Abright and the City of Mexico. (2) As a consideration for this money Abright agreed to repay the sum advanced, with such interest as Illingworth had to pay for it, it being understood that Illingworth had to borrow it, and it was shown that he did borrow it and pay 10 per cent interest thereon. As a further compensation, Abright agreed to pay Illingworth one-third of the net profits arising from the contract, or $2000. (3) Neither of the parties contemplated that their acts and agreement would create a partnership relation between them; they regarded the transaction as a loan of money.

It is often quite difficult to determine from the agreements and dealings between men whether or not the legal consequences of a partnership arise therefrom. That relation is defined by Mr. Bates as "the contract relation subsisting between persons who have combined their property, labor, and skill in an enterprise or business, as principals, for the purpose of joint profit." 1 Bates on Part., sec. 1. Mr. Lindley says: "Partnership, although often called a contract, is in truth the result of a contract; the relations which subsist between persons who have agreed to share the profits of some business, rather than the agreement to share such profits." 1 Lindl. on Part., 2. "Hence, it is not essential to the existence of a partnership that it be so denominated in the contract of the parties; nor is it necessarily fatal thereto if the parties declare in such contract that they do not intend to become partners. The real inquiry always is, have the parties by their contract combined their property, labor, or skill in an enterprise or business, as principals, for the purpose of joint profit? If they have done so, they are partners in that business or enterprise, no matter how earnestly they may protest they are not, or how distant the partnership was from their minds. The terms of their

contract given, the law steps in and declares what their relations are to the enterprise or business and to each other." Spalding v. Stubbings, 86 Wis., 255. On the merits of the controversy, in the case just cited, the court said: "Such share of the profits could not have been given as additional interest, because the agreement provided for paying him the highest legal rate of interest of this State, independently of the profits. Neither was it for services in the business; for Stubbings did not stipulate to perform services therein. The conclusion is almost irresistible that it was inserted to fix the proportionate share of Stubbings in the business."

In 1 Parsons on Contracts, pages 158, 159, we find this statement of the law:

"If one lends money to be used by the borrower in his business, the lender to receive interest, and in addition thereto a share of the profits of the business, a question may arise whether he is a lender on usury or a partner. He would seem indeed to be both; only a usurer as between the lender and borrower, but a partner as to third persons; and it may depend upon the manner in which the question is presented, whether the character of a usurer is to be fixed upon him. If he sues the borrower for repayment, it seems to be competent for the borrower to allege in his defense the usurious character of the loan. But if a third party who is a creditor of the borrower, upon a debt which has arisen in the business in which the money was lent to be used, sues the lender as a partner, on the ground that he took away profits to which the creditor might look for his debt, the lender will be held as such partner, and it is not competent for him to set up his contract as usurious, for he may not rest his defense upon his own wrong."

In Cothran v. Marmaduke, 60 Texas, 372, it was held that where one advances money to be used in a business, under an agreement that he is to receive compensation by sharing in the net profit, he thereby becomes a partner in such business, and this result follows though the parties do not themselves understand their dealings as creating a partnership. This case is referred to in the later case of Buzard v. Bank, 67 Texas, 83, with manifest approval. In the latter case the principles of partnership are discussed at length in harmony with the authorities referred to in this opinion.

We are of opinion that the court below should have held Illingworth a partner with Abright; and as the debt was created after he became a partner, he should have been held equally liable with Abright.

The judgment as to Illingworth will be reversed and here rendered in favor of appellant.

*Reversed and rendered.*