### JOHN RAHL ET AL. v. PARLIN & ORENDORFF COMPANY.

Decided October 20, 1901.

1.—Practice on Appeal—Assignment of Error—Record.

An assignment of error to the overruling of a motion for continuance below will not be considered on appeal where the record fails to show any action by the trial court on the motion.

2.—Partnership—Lending Money—Division of Profits.

Where one loans money to another, to be used in a business enterprise, and the lender is to receive a part of the net profits of the business as a consideration of such loan, the lender, as to third parties, will be held as partner in such business.

3.—Practice—Harmless Error—Superfluous Evidence.

Where there was uncontroverted evidence proving a partnership, so that, in the absence of the evidence on the point complained of as wrongly admitted, the same result must have been reached, such admission, if error, was harmless.

Appeal from the County Court of Dallas. Tried below before Hon. Ed S. Lauderdale.

*Thompson & Thompson,* for appellant.

*U. F. Short,* for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—Parlin & Orendorff Company, appellees, filed suit in the County Court of Dallas County, Texas, on February 21, 1899, against John Rahl, W. M. Holloway, and Will V. Jones, *as partners,* upon thirteen promissory notes executed by Will V. Jones. Appellees alleged that John Rahl, W. M. Holloway, and Will V. Jones, at the time of the execution of the notes sued on, were partners in trade, doing business in the town of Meridian, Bosque County, Texas, under the copartnership name and style of "Will V. Jones." Appellees prayed for judgment against all of the defendants as partners. Jones failed to appear and answer. Rahl and Holloway filed separate and independent answers. Each plead to the jurisdiction of the court; each denied the partnership under oath, and both plead non est factum to the notes sued on. The case was called for trial on February 25, 1901. Defendants Rahl and Holloway moved for a continuance on account of the absence of Holloway, who resided in Bosque County. After hearing the testimony, the court held that the testimony established partnership between all of the defendants at the date of the execution of the notes, and instructed the jury to find a verdict for the plaintiff. Under this instruction the jury returned a verdict against the defendants for the sum of $534.30, and the judgment was rendered accordingly. Rahl and Holloway filed a motion for a new trial, which was overruled March 2, 1901, and they both appealed.

1. Appellants' first assignment of error complains of the overruling of their motion for a continuance. The record fails to show any action by the trial court upon this motion. In this condition of the record we can not consider this assignment. Philipowski v. Spencer, 63 Texas, 604; Railway v. Mallon, 65 Texas, 115.

2. Under appellants' ninth, tenth and eleventh assignments of error, which are grouped, the proposition is presented that "a loan or advance of money to be invested in some business or enterprise, the lender to share in the profits as, or in lieu of, interest on such loan, the advance does not constitute a partnership, but is a mere loan on contingent compensation. Nor is it a partnership as to third parties." This proposition presents the controlling question in this case. John Rahl, one of the defendants testified as follows: 'In October or November, 1897, I was in the grocery business at Meridian, Bosque County, Texas. At that time I sold out to one A. N. Tandy. In December, 1897, or in January, 1898, the defendant, Will V. Jones, came to me and stated that he was out of employment and unable to secure a situation. Jones had before that time clerked for me in the grocery business. He said he believed

he could make a success of the grocery business, if I would lend him some money. I had known Jones for a long time. He was a poor boy, and I knew he was honest, and I was willing to help him. Holloway and I agreed and afterwards loaned Jones $500 each, with which to start in business. Jones was to pay this money back at the end of the year, and for use of the money, and in lieu of interest, he was to pay me and Holloway one-half of his net profits. Jones did not give us his notes; we were willing to trust him. Jones had no property and no money to put into the business; he was to give his time and services and run the business for one-half of the net profits, and was to buy and sell for cash. Soon after Jones opened up business, Mr. J. R. Card, the salesman of Parlin & Orendorff Company, asked me, in Meridian, Texas, if Jones was all right. I said that he was, as he was buying and selling for cash. In October or November, 1898, Holloway and I bought Jones' stock of groceries,—took them on what he owed us." This testimony is not contradicted. These goods were not sufficient to pay the amount Jones owed Holloway and Rahl, but they took no note for the balance. It is undisputed that the notes were given by Jones for property purchased from plaintiff during the time he was conducting said business. Under the decisions of this State it seems clear that when one loans money to another to be used in a business enterprise, and the lender is to receive a part of the net profits of the business as a consideration for such loan, such lender, as to third parties, will be held a partner in such business. Cothran v. Marmaduke, 60 Texas, 370; Buzard v. Bank, 67 Texas, 83; Dilley v. Abright, 19 Texas Civ. App., 487; Fouke v. Brengle, 51 S. W. Rep., 519. See also Railway v. Hucklebridge, 64 Pac. Rep., 58; Torbert v. Jeffrey, 61 S. W. Rep., 823. The evidence was sufficient to constitute a partnership, and the contention of appellants is overruled.

3. The ruling of the court in admitting the evidence complained of in the second, third, fourth and fifth assignments of error becomes immaterial in view of the fact that the uncontroverted evidence proved a partnership. In the absence of the evidence complained of, the same result must have been reached. It follows that its admission, if error, was harmless.

We are of opinion that proper judgment has been rendered in this case, and that the same should be affirmed.

*Affirmed.*