**STEGER et al. v. GREER. (No. 6281.)**

(Court of Civil Appeals of Texas. Austin. Jan. 19, 1921. Rehearing Denied March 9, 1921.)

**1. Partnership ⬦30 — Agreement to share profits alone held to establish partnership.**

An agreement to purchase horses and mules for sale to the government, the parties to share equally in the profits, constituted a partnership notwithstanding they made no provision as to losses.

**2. Account stated ⬦5, 18(2)—Acknowledgment of correctness makes an account stated.**

In a suit against partners on an account stated, it is necessary to set out, as was done by exhibit to the petition, the items, but it was not necessary to prove their correctness, and, where some of the partners had acknowledged the correctness of the account and promised payment, it was an account stated.

---

⬦For other cases see same. topic and KEY-NUMBER in.all Key-Numbered Digests and Indexes

**3. Partnership ⊂∞152—Admission of one partner binds others.**

Where a partnership has been proved, the admission of one partner is binding upon all of them.

**4. Account stated ⊂∞19(3)—Evidence held to show correctness of items.**

In an action on an account stated, evidence of the parties owing the same *held* sufficient to establish its correctness.

**5. Partnership ⊂∞55—Evidence of alleged partner held sufficient to establish relation.**

Testimony of one of the defendants that they had entered into an agreement to purchase horses and mules for sale to the government, each to share equally in the profits, was sufficient, if believed by the jury, to establish partnership.

**6. Appeal and error ⊂∞1002—Verdict on conflicting evidence conclusive.**

Where the evidence was conflicting as to whether certain partners agreed to pay a debt and relieve others, and the issues were fairly submitted to the jury, the verdict is binding on the Court of Appeals.

**7. Partnership ⊂∞217(2)—In action for partnership debt, why creditor did not levy on property held immaterial.**

In an action against partners dealing in mules to recover for feed furnished, an assignment of error to the admission of testimony tending to show that one of the defendants was estopped from denying the partnership because of making representations to plaintiff of his own wealth, and thus influencing plaintiff not to levy on the mules, *held* immaterial; the issue being whether defendants owed the debt.

**8. Trial ⊂∞255(4)—Limiting instruction must be requested where evidence admissible as to one defendant..**

In an action against partners, an objection by one of them that some statements made by the other partners in his absence were ·placed in evidence *held* untenable, since they were admissible as against the others, and, if such objector wished to protect himself, he should have requested an instruction limiting such testimony.

Appeal from District Court, Travis County; Ireland Graves, Judge.

Suit by H. C. Greer against Ed. D. Steger and others. Verdict and judgment for plaintiff, who remitted a part of the judgment, and defendants appeal. Affirmed.

White, Cartledge & Wilcox, Q. C. Taylor, and F. C. Morse, all of Austin, for appellants.

Garrett, Brownlee & Goldsmith and Shelton & Shelton, all of Austin, for appellee.

JENKINS, J. This is a suit brought by appellee against the appellants, John Wear, Ed. D. Steger, and Clyde Campen, for. an amount alleged to be due him for feed sold to said parties as partners. The appellants denied the partnership under oath. Wear al-

leged that Steger, for a valuable consideration, had assumed the payment of the debt sued on, and asked for judgment over against Steger. Steger alleged that Wear, for a valuable consideration, had assumed the payment of the debt sued on, and asked, in the event that judgment was rendered against him, that he have judgment over against Wear. The case was submitted on special issues as follows:

"Question No. 1: Prior to November 14, 1917, had the defendants Wear, Steger, and Campen entered into an agreement whereby each of them was to receive an equal share of the profits that might arise from the sale of horses and mules by Wear and Campen to the United States government, or the agents of such government?" To which the jury answered: "Yes."

"Question No. 2: Prior to November 14, 1917, had the defendants Wear and Steger entered into an agreement whereby the two of them should share equally in the profits to be derived from the sale by Wear of mules and horses to the United States government or its agents?" To which the jury answered: "No; as all three are partners."

"Question No. 3: At the time of the purported agreement between defendant Wear and defendant Steger in the American National Bank, or at any other time or place, did the defendant Steger agree unconditionally that he would pay, among other debts, the debt of Wear to the plaintiff, or was such agreement, if any, conditioned on Wear's delivering to Steger certain property?" To which the jury answered: "Yes; unconditionally."

Questions Nos. 4 and 5 were rendered immaterial by the jury's previous answers, and they were not answered by the jury.

"Question No. 6: If you have answered that defendant Steger and defendant Wear did not make the partnership agreement inquired about in No. 2, then state:

"(a) Whether or not Steger represented to Greer, in the latter's store, that he and Wear were partners.

"(b) And, if so, did Greer rely on said statement, and on that account refrain from levying an attachment on the live stock that was shipped by Wear to Steger?".

To which the jury answered: "(a) Yes. (b) Yes."

"Question No. 7: Did defendant Steger, at Greer's store, in Austin, about October 18, 1918, in consideration of Greer's acquiescence in Wear and Steger's moving a car of horses alleged to belong to Wear from Austin to Bonham, assume to pay $1,280 of the debt of Wear to Greer sued upon?" To which the jury answered: "Yes."

"Question No. 8: (a) At the time of the purported settlement between defendant Wear and defendant Steger at Bonham, state whether or not the defendant Wear had agreed to ship to defendant Steger, and had failed to ship to him, any of the following property: Two mules, two horses, and certain buggies, harness, halters, and fencing?

"(b) If so, in the settlement that was made at Bonham was it understood or agreed that

defendant Wear was released from further obligation, if any, to ship said property?"

To which the jury answered: "(a) No. (b) Yes."

In answer to special issue submitted at the request of plaintiff, the jury found that the defendants were indebted to plaintiff in the sum of $1,323.13, and 6 per cent. interest from January 1, 1919. Judgment was rendered in accordance with such verdict. The plaintiff filed a remittitur as to $160 of the judgment, with interest from January 1, 1919.

Question No. 2 was submitted upon the issue raised by appellee's pleading to the effect that, if he was mistaken as to the partnership between all three of the parties, then he alleged, in the alternative, that Wear and Steger were partners in the transaction with reference to the mules and horses.

Question No. 3 was submitted upon the issue raised upon the testimony of Wear that Steger in the American National Bank agreed to pay the debt in controversy; Steger's testimony in regard to that being that he made such agreement upon condition that Wear ship to him certain mules, horses, and other property, which condition, he alleged, was not complied with by Wear.

Question No. 6 was submitted upon the allegation in plaintiff's petition that, if Wear and Steger were not in fact partners, Steger was estopped to deny such partnership by reason of certain representations in reference thereto made by him to plaintiff in plaintiff's store.

Question No. 7 was submitted upon this same issue. Question No. 8 was submitted upon the issue raised by pleadings and evidence of Steger that he had agreed to pay certain debts, including the one in controversy, upon condition that Wear ship certain horses, mules, and other property to him, and that Wear had failed to comply with this agreement.

There was sharp controversy in the evidence as to practically all of the issues submitted. After a careful examination of the record, we have concluded that the evidence is sufficient to sustain the findings of the jury.

[1] Appellants insist that their request for a peremptory charge in their favor should have been given, and that the finding of the jury should have been set aside, for the reason that the evidence is wholly insufficient to prove partnership. Their ground for this contention is that the testimony of Wear, which is relied upon to show partnership, was only to the effect that all parties had entered into an agreement to purchase horses and mules for sale to the government, and that they were to share equally in the profits, and that nothing was said about sharing in the losses. Wear stating that they did not expect to have any losses, but in fact the transaction proved unprofitable.

There are some cases that hold, and we think correctly so, that where one of two or more parties has no interest in the property acquired, and he is to receive a part of the profits as wages, this does not constitute a partnership. However, the general rule is that an agreement to share in the profits constitutes a partnership between the parties making such agreement. Cothran v. Marmaduke, 60 Tex. 370; Buford v. Lewis, 87 Ark. 412, 112 S. W. 963; Kelley v. Masterson, 100 Tex. 43, 93 S. W. 427; Dilley v. Abright, 19 Tex. Civ. App. 487, 48 S. W. 548; Fouke v. Brengle, 51 S. W. 519; Fink v. Brown, 183 S. W. 50; Roberts v. McKinney, 187 S. W. 976; Avery v. Cotton Seed Oil Mill, 196 S. W. 351.

[2, 3] Appellants also insist that the verdict of the jury is not supported by the evidence, in that there was no proof as to the correctness of the account sued on; their position being that this was a suit upon an open account. We hold, however, that this was a suit upon a stated account. In such case it is necessary to set out, as was done by an exhibit to the petition in this case, the items of the account, but it is not necessary to prove the correctness of such items, where there has been an agreement by the party owing said account that it is correct, and that he will pay the same. Neyland v. Neyland, 19 Tex. 423; Wroten Lumber Co. v. Mineola Box Co., 95 S. W. 744; McCamant v. Batsell, 59 Tex. 363; Maverick v. Maury, 79 Tex. 441, 15 S. W. 686. Both Wear and Steger admitted to appellee that the account was correct, and Steger promised appellee to pay the same. An account stated is an acknowledgment of an existing liability, by reason of the transactions between the parties with reference to such account. 1 R. C. L. 207, 208, 211, 213, 219, 220. The partnership having been proven the admission of one of the parties is binding upon all of them.

[4] In addition to what has been stated in the preceding paragraph we think the correctness of the account was sufficiently shown by the testimony. Wear stated upon the stand that, if he had the money, he would pay this account, which is equivalent to saying that it is correct. The correctness of an account may be proven by a party owing the same by his admission of its correctness, without going into the items. Walker v. Laney, 27 S. C. 150, 3 S. E. 63.

[5] The testimony of Wear was positive that all of the appellants herein entered into an agreement to purchase horses and mules, with a view of selling the same to the government, and that each was to share equally in the profits. There is other testimony tending to support this evidence, but that alone is sufficient, if the jury believed it to be true, which they evidently did, as indicated by their verdict.

[6] It would serve no useful purpose for us to quote the testimony pro and con upon the issues as to whether Steger agreed with

Wear to pay this debt unconditionally, or upon conditions with which Wear did not comply. Neither would it serve any useful purpose for us to quote the testimony as to the agreement alleged by Steger and denied by Wear, that subsequent to the agreement in the American National Bank Wear, for a valuable consideration to him paid by Steger, assumed the payment of this debt. The evidence upon both of these issues was conflicting. The issues were fairly submitted to the jury, and the verdict of the jury is binding on us.

[7] Several of the assignments of error are as to the admission of testimony intended to show that Steger was estopped from denying the partnership, in that, for instance, Greer testified that Steger stated to him that he was a man of great wealth, and that he would pay the account, and that Greer believed said statement, and was influenced thereby not to levy upon the mules which were at that time in Austin. It is immaterial as to why Greer did not levy upon the mules. The issue in this case is: Did the appellants owe the debt?

[8] Also there are some objections urged by Campen as to some statements that were made by Wear or Steger in his absence. Such testimony was certainly admissible as against Wear and Steger; therefore the court did not err in overruling objections to the same. Where there are several parties to a suit, and the testimony is admissible as against one or more of them, and not as against another, such other party may protect himself by requesting the court to instruct the jury as to the limitation to be put upon such testimony. No such instructions were requested in this case. Walker v. Brown, 66 Tex. 566, 1 S. W. 797; Railway Co. v. Pool, 63 Tex. 246; Railway v. Harlan, 62 S. W. 971.

We have examined all of the 30 assignments of error in this case, and do not think that any of them show cause for reversal.

No reversible error appearing of record, the judgment of the court below is affirmed.

Affirmed.