**POOLE v. FRANK. (No. 7331.)**

Court of Civil Appeals of Texas. Austin. Nov. 28, 1928.

Quin & Harley, of San Antonio, for appellant.

Pauline R. Frank and Shelton & Shelton, all of Austin, for appellee.

BLAIR, J. Appellee, Miss Pauline R. Frank, sued J. C. Glass on his note to her for $500, and to foreclose a chattel mortgage lien securing the note on Glass's one-half interest in a certain oil well drilling rig and machinery, alleging that the other one-half interest belonged to her. During the trial of this case on its merits appellee learned for the first time that, pending her suit against Glass, he had rented or leased the rig and machinery to some one, or was himself then drilling a well with same in Guadalupe county, whereupon appellee applied for, and obtained, a temporary order restraining Glass, his agents, employees, and all persons acting under his authority or orders, or with his knowledge or consent, from using the rig and machinery pending the outcome of her foreclosure suit against Glass. Thereafter, and before final judgment in the foreclosure suit, appellant, Poole, joined Glass in what was designated a motion to dissolve the temporary restraining order, alleging that appellee and Glass owned jointly and operated for hire or rent the rig and machinery as a copartnership; that he rented the property from Glass, who signed the firm's name to the contract, representing that he had authority to do so at the time; that appellee held Glass out to him and the public as her partner and representative; and that he acted in good faith in making the contract.

The court, after a full hearing on all matters alleged in the motion to dissolve, found and concluded that appellee and Glass were never partners with reference to the ownership or use of the rig and machinery; that Glass signed appellant's alleged rental contract without appellee's knowledge, consent, or authority; that appellee did not hold Glass out as her partner or representative; and that appellant had full notice of the pendency of appellee's foreclosure suit when he entered into his contract with Glass; and therefore the court made the temporary restraining order theretofore issued permanent as against both Glass and appellant Poole, the court having already on that same day rendered judgment for appellee on her note and for foreclosure of her mortgage lien on the rig and machinery. It is from this judgment making the restraining order perpetual and overruling appellant's motion to dissolve the temporary order that appellant, Poole, alone has appealed, and here contends as follows:

1. That the court erred in holding appellee and Glass not to be partners with respect to their ownership and hiring or renting of the rig and machinery. We do not sustain the contention. The contract between appellee and Glass is in writing, and defines their relationship with reference to the ownership and use of the rig and machinery. It provides: (a) That appellee and Glass each own an undivided one-half interest in the property; (b) that Glass has leased his one-half interest to appellee for the specific purposes of "drilling and deepening of the Weinert well No. 1 in Guadalupe County"; and (c) with reference to use or disposition of the property after the completion of the Weinert well, the contract provides as follows:

"The parties hereto further agree that at the termination of this lease that they will come to some agreement as to the future use of this joint property, and should they be unable to so agree that they will divide their joint property, and should they themselves be unable to agree as to the division then they will agree upon a third party who shall divide these two rigs between them."

This contract bears date of October 10, 1927. On November 2, 1927, appellee wired Glass as follows:

"Stopped use rig on October thirty-first ready to make division of property at once Mr. J. E. Anderson has complete authority to act for me in reference to this matter. Kindly get in communication with him upon re-

ceipt of this by phone either at Gunter Hotel San Antonio or Aumont Hotel in Seguin."

At the time appellee filed her forclosure suit, April 17, 1928, the rig and machinery were still at the Weinert well. Thereafter, September 12, 1928, appellant entered into his rental contract with Glass, which was, on October 2, 1928, reduced to writing, and signed by Glass as above stated, without appellee's knowledge or consent, and the rig and machinery were delivered by Glass to appellant, Poole, at another location in Guadalupe county. It is undisputed that appellant knew of appellee's suit against Glass when he made his rental contract with Glass; that he made no inquiry as to that suit, nor as to the character of ownership of appellee, nor as to the use to which either owner might subject the property; and that he relied solely upon the representations of Glass as to the copartnership and as to the authority of Glass to sign the rental contract. There is no evidence that appellee ever held Glass out as her partner or representative. It is also undisputed that the only use they ever made of the property was for appellee, as lessee of Glass's one-half interest, to drill the Weinert well under the written contract between them; that the contract expressly declared there should be no future use of the property except by agreement; and that it would be divided when the Weinert well was completed. Appellee notified Glass when she finished the Weinert well, and demanded a division of the property in accordance with the terms of the contract. So we have given the terms of the contract with reference to both the ownership and use of the property, and the law must step in and declare the relationship of the parties thereto.

We have concluded that, under the terms of the contract as given and under the undisputed evidence, the trial court was warranted in holding that appellee and Glass were not a copartnership either in fact or by estoppel. In this connection appellant cites the case of Dilley v. Abright, 19 Tex. Civ. App. 487, 48 S. W. 548, and others, which hold, in substance, that, where parties by contract combine their property, labor, or skill in an enterprise or business, as principals, for the purpose of joint profits, they are partners in that enterprise or business no matter how earnestly they may declare they did not intend to become partners. But that rule has no application here, for the reason that under the terms of their contract appellee and Glass were merely joint owners of the drilling rig and machinery with an express agreement to never use the property, as principals, for joint profits, or otherwise, except by specific agreement. Under the above undisputed evidence appellee and Glass were merely joint owners of the property, and one joint owner has no authority to make a contract or lease for his co-owner, unless he has special author-

ity to do so. Ogus v. Foley (Tex. Com. App.) 252 S. W. 1049; Worsham v. Vignal, 5 Tex. Civ. App. 471, 24 S. W 562; Naylor v. Parker (Tex. Civ. App.) 139 S. W. 93, Dodge v Lacey (Tex. Civ. App.) 216 S. W. 400.

■ 2. Appellant also contends that the restraining order should be dissolved because an injunction operates in personam, and will not issue against one not within the jurisdiction of the court. The contention is not sustained. It is true that appellant was not made a party to the original suit, but he voluntarily joined Glass in what is designated a motion to dissolve the temporary restraining order, set up his contract with Glass as grounds for doing so, introduced his contract in evidence, and had a full and complete hearing of all the matters alleged in the motion without questioning the jurisdiction of the court in any manner. The court proceeded and treated the hearing as if it was an intervention by appellant in the original suit as well as a motion to dissolve the injunction, because the court made extensive findings of fact and conclusions of law on all the matters and issues alleged in the motion to dissolve, which was filed under the style and title number of the original suit. In the findings of fact, the trial court also recited that it had already on that day rendered judgment for appellee in her foreclosure suit against Glass, and the court then ordered that the temporary restraining order theretofore issued be made permanent as to both Glass and appellant, Poole. We therefore conclude that by such acts and conduct appellant brought himself directly before the court so as to be bound by the court's orders and decrees and judgments in both the original and the injunction proceedings, the same as if he had in fact been made a party to the suit.

■■ We are also of the opinion that, since appellant contracted with Glass alone, and with full notice of appellee's pending foreclosure suit, he acquired no greater right or authority to use the property than Glass had or could give subject to that suit. In other words, appellant simply stands in the position of a pendente lite purchaser, and is bound by the final judgment awarding appellee a foreclosure on the property, and this is true, even though he was not a party to the original suit. Having purchased or contracted to rent pending the suit and with full notice of the suit, it became appellant's duty to intervene and set up whatever right he may have acquired in the subject-matter of the suit. Certainly it was not incumbent upon appellee to make him a party.

We therefore conclude that the trial court correctly refused the motion to dissolve the temporary restraining order, and all orders and decrees and judgments herein complained of by appellant are affirmed in all things.

Affirmed.