## WATSON v. EDINBURG SECURITIES CO. et al.

### No. 9250.

Court of Civil Appeals of Texas. San Antonio.
Jan. 31, 1934.

Rehearing Denied March 7, 1934.

H. G. Ferguson, of Edinburg, for appellant.

Bliss & Daffan, of San Antonio, for appellees.

MURRAY, Justice.

Appellant, C. O. Watson, instituted this suit against appellees, James R. Page, R. A. Rowland, and others, for certain damages alleged to have been sustained by reason, first, of fraudulent representations made with reference to land purchased by him; second, breach of a contract for laying a concrete canal; third, for breach of contract for the care of an orchard.

The jury found against appellant as to the fraud. Judgment was entered by agreement in the sum of $4,700 against B. F. Farris and others for the failure to construct the concrete canal, and upon the findings of the jury appellant was awarded judgment against Farris and others in the sum of $2,700 for the failure to care for the orchard. Appellant was asking judgment against appellees Page and Rowland on the ground that they were partners of Farris and others, but this was denied him, and the jury instructed, in effect, that appellees were not partners and were not liable.

C. O. Watson, as appellant, brings this appeal, and, as there is no complaint of the judgment as entered against other defendants, same will be affirmed as to all defendants other than appellees Page and R. A. Rowland, and we will here consider only the failure of the trial court to grant appellant judgment against these two appellees.

The appeal presents one main question, which is, Did the trial court commit error in instructing the jury that R. A. Rowland and James R. Page were not to be held as partners with B. F. Farris, C. I. Haven, H. M. Rowland, and others, as a result of their contract with B. F. Farris?

The contract referred to is between James R. Page and R. A. Rowland, as parties of the first part, and B. F. Farris, as party of the second part, in which Farris agreed to undertake the sale of certain lands, either owned or controlled by Page and R. A. Rowland.

It appears from the preamble of the contract that first parties are to loan and advance certain sums of money to second party, but when the entire contract is considered it is found that a great many more things are to be done by parties of the first part other than the loaning of money.

The contract expressly provides just how this money is to be used. It further provides that all money, notes, etc., received from the sale of land are to be placed and deposited in the Edinburg State Bank & Trust Company of Edinburg, and are not to be withdrawn therefrom except with the consent of the first parties, until first parties have been fully paid. It further provides, in effect, that first parties are to have full charge of the office, including the books of the enterprise. It further provides that they are to be paid out of the money taken in from the sale of land as follows: First, the original price of the land; second, all sums placed in the enterprise by the parties; third, they are to receive a profit of $25 per acre for each acre sold; and, fourth, they are to have a profit of one-half of the cost of clearing, floating, and setting out trees on such lands that are to be thus improved.

Under all of these various provisions of this contract these parties were engaged in a joint adventure or partnership. First parties were putting up land, money, and office expenses; second party was putting up his skill as a land salesman, his selling organization, and some money. Returns depended upon the success of the undertaking. If it proved unsuccessful, all parties assumed the risk of losing what they put into the business. If it proved successful, they all would have a profit. However, parties of the first part were entitled to their profit first and second party got what was left.

Under such circumstances we cannot say that this contract only provided for a loan of money, in which a part of the profits were to be accepted in lieu of interest. The money was to be paid back only out of the earnings of the business. If there were no sales of land, there were to be no payments.

In other words, where parties enter into a contract to combine their money, property, skill, and experience, some of these elements on the one side and some on the other, to carry on, as principals or co-owners, a common business, trade, or venture, as a commercial enterprise and to share the profits and the losses, such parties are partners as to third parties. Meehan v. Valentine, 145 U. S. 611, 12 S. Ct. 972, 36 L. Ed. 835; Thompson v. Schmitt, 115 Tex. 53, 274 S. W. 554; Freeman v. Huttig Sash & Door Co., 105 Tex. 571, 153 S. W. 122, Ann. Cas. 1916E, 446; Cothran v. Marmaduke, 60 Tex. 370; Kelley & Co. v. Masterson, 100 Tex.

39, 93 S. W. 427; Fink v. Brown (Tex. Com. App.) 215 S. W. 846, 847; Edwards et al. v. Buchanan, 14 Tex. Civ. App. 268, 36 S. W. 1022; Dilley v. Abright, 19 Tex. Civ. App. 487, 48 S. W. 548; Danforth et al. v. Levin (Tex. Civ. App.) 156 S. W. 569.

We conclude, upon the agreed statement of facts in this case, that James R. Page and R. A. Rowland were partners with B. F. Farris and that appellant should have been given judgment against them also.

The judgment, wherein it discharges James R. Page and R. A. Rowland from liability, will be reversed and here rendered that appellant have judgment for the sums specified in the judgment against James R. Page and R. A. Rowland.

Affirmed in part and reversed and rendered in part.