## HOLLIDAY v. TAYLOR.

### No. 3034.

Court of Civil Appeals of Texas. Waco.
June 5, 1952.

Rehearing Denied June 26, 1952.

Walker & Baker, Cleburne, for appellant.

Senterfitt, Crump & Jameson, San Saba, for appellee.

HALE, Justice.

Appellee, Ralph Taylor, sued W. V. Holliday, A. L. Arnold and C. D. Dickerson on a $2,886 check dated June 2, 1949, issued by Arnold's Hatchery and signed by A. L. Arnold, alleging that the defendants were partners engaged in business under the firm name of Arnold's Hatchery and that the check sued upon was issued in payment for turkey eggs purchased by the partnership from him. Each of the defendants answered with a general denial and in addition thereto Holliday and Dickerson each filed a sworn denial of the al-

leged partnership. The case was tried before the court below without a jury and resulted in judgment for appellee against Holliday and Arnold, jointly and severally, and denying any recovery to appellee against Dickerson. Holliday has appealed.

At the request of appellant the trial court filed extensive findings of fact and conclusions of law which were based primarily upon the provisions contained in a written agreement dated August 19, 1948, signed by Dickerson and Arnold, such signed agreement having been delivered to and accepted by appellant. The trial court found and concluded in substance that appellant, Dickerson and Arnold purchased a feed store and hatchery on or about August 1, 1948, for the sum of $16,000, that appellant and Arnold were partners in the operation of Arnold's Hatchery, and that appellant was liable to appellee on account of the indebtedness herein sued upon. The first point in appellant's brief is as follows: "The trial court erred in finding that Holliday and Arnold were partners engaged in the operation of the hatchery, doing business under the name of Arnold's Hatchery, and that Holliday is therefore liable as a partner on the check sued on." Appellant's contention is that the contractual relationship existing between him and Arnold, as evidenced by the written agreement dated August 19, 1948, and the competent evidence relevant thereto, is and was at all times material to this suit that of creditor and debtor only, and not that of partners.

The written agreement dated August 19, 1948, consists of fifteen numbered paragraphs covering more than six pages in the statement of facts. It provides in substance that Dickerson and Arnold had associated themselves together as partners, the partnership to continue from June 1, 1948 to May 31, 1953, with the understanding that the profits and losses, if any, arising from their business venture would be shared equally by them; that Dickerson was to receive $60 per week and Arnold $40 per week from the operation of the business as a drawing account for the services to be rendered by each; that appellant had advanced $16,000 to Dickerson and Arnold for the purpose of purchasing the business to be operated by them, as evidenced by their note for that amount payable to appellant on or before three years after date with interest from maturity; that the undersigned, in order to secure the payment of the note, did thereby sell and convey to appellant all of the assets used in and connected with the operation of such business, including the stock of merchandise, bills and accounts receivable and every asset of whatsoever nature; that on the first day of each month an account of the previous month's business would be made and if there should be any money remaining on hand after all expenses had been paid, including the drawing account of Dickerson and Arnold, the balance of the income from the operation of the business would be left on deposit in the Cleburne National Bank until the indebtedness of $16,000 which the partnership owed to appellant shall have been paid; that if appellant should at any time feel unsafe or insecure for any cause in the payment of the indebtedness to him, he was thereby authorized, at his option, to declare the indebtedness due and take actual possession of the assets of the business and sell the same at private sale without notice to the undersigned; that "the undersigned also agree that as long as any part of the $16,000.00 is unpaid, the said Walter Holliday shall have the right and authority to have the partnership business conducted as he desires and should his wishes conflict with the discretion and judgment of the undersigned, the ideas, suggestions and wishes of Mr. Holliday shall prevail"; that "after said $16,000.00 shall have been repaid, it is agreed and understood that the said Walter Holliday shall own a one-third undivided interest in the partnership; C. D. Dickerson will own one-third undivided interest in the partnership; and A. L. Arnold will own a one-third interest in the partnership, and the net profits thereafter shall be divided proportionately between the three parties"; and that "each of the undersigned agrees that he will not create any obligations either orally or in writing against the said partnership, without the consent of the other partners."

The evidence shows that appellant caused the foregoing agreement to be filed as a chattel mortgage in the office of the County Clerk of Johnson County and thereafter Dickerson and Arnold jointly operated the business therein referred to as "Dickerson & Arnold Feed Store" until on or about January 1, 1949. At that time Dickerson and Arnold decided to divide the operation of the business and accordingly, without any accounting between the parties and without any further written agreement of any kind, but with the knowledge and consent of appellant, Dickerson assumed the operation of a portion of the business under the name of "Dickerson's Feed Store" and Arnold assumed the operation of a portion thereof under the name of "Arnold's Hatchery." In the operation of "Arnold's Hatchery," Arnold purchased from time to time the turkey eggs from appellee for which he issued the check herein sued upon. Shortly after the check had been issued appellant took exclusive possession of all the assets belonging to and being used in connection with the operation of Arnold's Hatchery, including the balance of the bank account against which the check sued upon was issued, and caused the further operation of the business to cease.

It is difficult to define a partnership accurately or to distinguish clearly between the legal meaning of that term and other similar relationships, such as principal and agent, creditor and debtor, et cetera. In distinguishing between a partnership on the one hand and a debtor-creditor relationship on the other hand, the Supreme Court of Texas said in the case of Kelley Island Lime & Transport Co. v. Masterson, 100 Tex. 38, 93 S.W. 427, 430:

" 'If one person advances funds, and another furnishes his personal services and skill in carrying on the business and is to share in the profits, it amounts to a partnership. It would be a valid partnership, notwithstanding the whole capital was in the first instance advanced by one partner, if the other contributed his time and skill to the business, and although his proportion of gain and loss was to be very unequal. It is sufficient that his interest in the profits be not intended as a mere substitute for a commission, or in lieu of brokerage, and that he be received into the association as a merchant and not an agent.' Goode v. McCartney, 10 Tex. 193; Ball v. Britton, 58 Tex. 57."

In the case of Freeman v. Huttig Sash & Door Co., 105 Tex. 560, 153 S.W. 122, 125, the court held that the creation of a relation between three men, as principals, that amounted to an agreed joinder of their interests in a common enterprise, its prosecution for their joint account, and an ensuing right in each of them to share in its net returns as such, made them partners in the enterprise even though one of the parties did not intend to form a partnership. In the course of the opinion the court said:

"He thereby became a partner under elementary principles of the law upon the subject. It is immaterial that the business yielded no profits, and that in consequence Freeman shared in none. There existed by his tacit agreement a community of interests, the common enterprise, its operation for the joint account, and a right in the owner of each interest to share as a principal in its profits as such, which under the established rule in this state is a recognized test of the relation. Miller v. Marx [& Kempner], 65 Tex. 131; Stevens & Andress [Andrews] v. [Gainesville Nat.] Bank, 62 Tex. 499; Kelley [Island Lime & Transport] & Co. v. Masterson, 100 Tex. 38, 93 S.W. 427; Dilley v. Abright, 19 Tex.Civ.App. 487, 48 S.W. 548. The law recognizes that partnership is the creature of contract, but it is not essential that parties agree to become partners by name, or that their agreement be an express one. If by implied agreement they assume a relation that the law constitutes a partnership, they become partners in fact."

In the case of Thompson v. Schmitt, 115 Tex. 53, 274 S.W. 554, the Supreme Court of Texas quoted with approval from the opinion of the Supreme Court of the

United States in Meehan v. Valentine, 145 U.S. 611, 623, 12 S.Ct. 972, 975, 36 L.Ed. 835, as follows [115 Tex. 53, 274 S.W. 557]:

"'In the present state of the law upon this subject, it may perhaps be doubted whether any more precise general rule can be laid down than, as indicated at the beginning of this opinion, that those persons are partners who contribute either property or money to carry on a joint business for their common benefit, and who own and share the profits thereof in certain proportions. If they do this, the incidents or consequences follow that the acts of one in conducting the partnership business are the acts of all, that each is agent for the firm and for the other partners, that each receives part of the profits as profits, and takes part of the fund to which the creditors of the partnership have a right to look for the payment of their debts, that all are liable as partners upon contracts made by any of them with third persons within the scope of the partnership business, and that even an express stipulation between them that one shall not be so liable, though good between themselves, is ineffectual as against third persons. And participating in profits in presumptive, but not conclusive, evidence of partnership.'"

■ It is also generally held that the right of control or any voice in the control of a business enterprise should be regarded as an incident of proprietorship, and its presence or absence may be of great weight in determining whether or not a particular relation constitutes a partnership. 40 Am. Jur. p. 170, Sec. 58; 68 C.J.S., Partnership, § 29 a (2), p. 448; Fink v. Brown, Tex. Com.App., 215 S.W. 846; Eddingston v. Acom, Tex.Civ.App., 259 S.W. 948, pt. 1 (er.dis.); Davis v. Gilmore, Tex.Civ.App., 244 S.W.2d 671, pt. 7 (er.ref.).

■ We think the trial court was warranted in concluding from the provisions contained in the written agreement dated August 19, 1948 and the competent testimony of appellant, Dickerson and Arnold relating thereto, that the contractual relation created by these three men as principals amounted to an agreed joinder of their interests in a common enterprise, its prosecution for their joint account, and an ensuing right in each of them to share in its net returns as such. Appellant advanced the funds to purchase the business while Dickerson and Arnold furnished their personal services and skill in carrying on the enterprise, subject at all times to the ultimate right of control in appellant, with the mutual understanding that each should share in the profits to be derived from the venture. In our opinion, the fact that the undertaking did not work out as the parties originally contemplated it would, did not change the legal relation which they had voluntarily created among themselves or relieve them from the lawful consequences of such relationship in their business dealings with third parties. Therefore, we cannot say the trial court erred in finding that appellant was a partner of Arnold in the purchase of the produce for which the check herein sued upon was issued, or by holding in consequence thereof that appellant and Arnold are liable, jointly and severally, to appellee on the check. Watson v. Edinburg Securities Co., Tex.Civ.App., 68 S.W.2d 644 (er. dis.); Sturdevant v. Hooper, Tex.Civ. App., 101 S.W.2d 379 (er.dis.); Mangum v. Turner, Tex.Civ.App., 142 S.W.2d 951 (er.dis.); Davis v. Gilmore, Tex.Civ.App., 244 S.W.2d 671 (er.ref.).

Accordingly, the judgment of the court below is affirmed.

LESTER, J., took no part in the consideration or disposition of this case.